# Reiss Sheppe LLP

ATTORNEYS AT LAW

MATTHEW SHEPPE
STEPHEN FRIEDMAN
AMIR KORNBLUM
DORAN GOLUBTCHIK

HOWARD R. REISS – RETIRED SENIOR COUNSEL

ERIC J. VARDI

ELLIOT WEISELBERG

425 MADISON AVENUE, FLOOR 19
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 753-2424
FAX: (212) 753-3829

August 17, 2023

**BY ECF**

Honorable Cathy Seibel
United States District Judge
United States District Court
Southern District of New York
Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601

    re:  *Chester Park Veiw, LLC, et al. V. Schlesinger, et al.*, 23-cv-5432 (CS)

Dear Judge Seibel:

    We represent Plaintiffs Chester Park View, LLC ("CPV") and Lazar Ostreicher ("Rabbi Ostreicher", and together with CPV, "Plaintiffs")) in the above-referenced matter and write pursuant to Your Honor's Order (ECF Dkt. No. 23) to respond to Defendants' Mordechai Beck ("Beck") and Meir Berger ("Berger", and together with Beck, "Defendants")) letter request for a pre-motion conference for a proposed motion to dismiss (ECF Dkt. No. 22).

    Defendants argue that Plaintiffs' complaint is deficient in five respects: 1) it fails to demonstrate whether the racketeering activity is of closed-ended or open-ended continuity; 2) the predicate acts are based solely on the submission of documents in a state court proceeding, which cannot serve as a predicate act under a civil RICO action; 3) the injuries claimed were not proximately caused by Defendants' RICO misconduct; 4) it fails to plead mail fraud with the requisite specificity pursuant to Fed.R.Civ.P. 9(b); and 5) it violates Fed.R.Civ.P. 8(a)(2) by allegedly lumping all the defendants together instead of distinguishing each defendants' conduct.

    As set forth more fully herein, each of these arguments fails as either the Complaint has been properly pled, or can be amended to satisfy these alleged deficiencies.

    <u>First</u>, the Complaint alleges closed-ended continuity to the extent that upon Defendants depriving Plaintiffs of the Property, their racketeering activity will have completed its objective.  Indeed, the Complaint alleges that the racketeering activity (for purposes of closed-ended continuity) dates back to at least when Schlesinger and Lipschitz, as well as Rabbi Ostreicher began speaking with Beck about purchasing the Property, which occurred in mid to late 2021.  However, to the extent it is not clear, Plaintiffs seek leave to amend these allegations to more substantively address that the racketeering activity alleged is closed-ended, and the basis for such allegations.

Second, although several of the predicate acts complained of in the Complaint concern the state court action being controlled by Beck, and even if the Second Circuit's holding in *Kim v. Kimm*, 884 F.3d 98, 103-105 (2d Cir. 2018) applies[1], defendants have undertaken other acts that are not a part of the state court litigation that would satisfy the requirements for allegations of predicate acts for a civil RICO claim, including at least i) the March 15, 2022 Fraudulent Certificate[2] which was filed at the direction of Beck with the Rockland County Clerk's office on April 29, 2022; ii) a May 10, 2022 email from Richard Sarajian, who represents plaintiff Anshei Sfard D'Monsey in the New York State court litigation, to Michael Levine, who was at the time Rabbi Ostreicher's lawyer, advising Mr. Levine of the existence of the fraudulent documents created by the defendants and advising Mr. Levine that Rabbi Ostreicher was going to be sued based on these fraudulent documents (this email pre-dates the New York action); iii) Defendants' directing Rabbi Blum's emails to Rabbi Ostreicher to further mislead him about their intention to participate in bais din, to assist Defendants with their theft of the Property; iv) defendant Schlesinger's July 13, 2022 execution of the satisfaction of mortgage, which was filed with the Rockland County Clerk on August 17, 2022, even after he had sold his rights in the mortgage to CPV; and v) Schlesinger and Lipschitz's participation in a closing with Rabbi Ostreicher via zoom on May 5, 2022 with respect to CPV's purchase of the ASD Note even though they claim such a transaction is a sham. Each of these constitute predicate acts under a civil RICO claim.[3]

Third, Defendants' letter is silent as to why it believes Plaintiffs have not properly alleged that Plaintiffs' injuries were not proximately caused by Defendants' misconduct. However, Plaintiffs' Complaint addresses this both procedurally, as both of Plaintiffs' RICO claims clearly allege that Defendants' misconduct was the proximate cause of their injuries (*Complaint at ¶¶ 133, 139*) and substantively (and based on common sense) given the Complaint's allegations that Defendants' racketeering activity has deprived Plaintiffs of the Property.

Fourth, Plaintiffs have pled mail fraud with particularity. To properly allege mail fraud for a civil RICO complaint, Plaintiffs need either i) identify the fraudulent communications, their contents, who made them, where and when they were made and why they were fraudulent if the mailings themselves were fraudulent; or ii) where the mailings themselves were not fraudulent, but were made in furtherance of the racketeering activity, then plaintiff need merely allege a detailed description of the underlying scheme and the connection between it and the mail or wire fraud. *Curtis & Associates, P.C. v. The Law Offices of David M. Bushman, Esq.*, 758 F.Supp.2d 153, 176-77 (E.D.N.Y. 2010).

Here, Plaintiffs' Complaint satisfies this obligation by alleging in detail each specific act of wire fraud (*Complaint ¶¶ 123(a)-(f), 126-130*) concerning the creation of the fraudulent documents, by whom and what they were used for as well as certain of the defendants additional use of email and similar methods of communication to further perpetrate their racketeering activity (*Complaint ¶¶ 30, 47, 123(h)*).

---

[1] Importantly, *Kim* does not stand for the proposition that litigation can never form the basis of predicate acts for a civil RICO claim, but simply one frivolous/fraudulent lawsuit where allegedly fraudulent affidavits were filed cannot constitute a predicate act. *884 F.3d at 105*. The exceptions to *Kim*, like here, reflect situations where the complained of litigation did not give rise to the RICO claims, but were merely incident to them. *See Rajaratnam v. Motley Rice, LLC*, 449 F.Supp.3d 45, 70-72 (E.D.N.Y. 2020)(collecting cases).
[2] Capitalized terms have the meaning set forth in Plaintiffs' Complaint unless otherwise set forth herein.
[3] Given the nature of the racketeering, Plaintiffs anticipate discovery will reveal multiple additional emails both containing the fraudulent documents and being sent in furtherance of the racketeering activity related to the fraudulent documents (separate and apart from any submissions to the New York State Court).

Hon. Cathy Seibel
August 17, 2023
Page 3 of 3

   Fifth, Plaintiffs' Complaint satisfies Fed.R.Civ.P. 8(a)(2).  Although Defendants' letter claims to the contrary, it fails to provide any substance concerning this alleged deficiency.  A review of the Complaint reveals it uses the term "Defendants" 31 times.  Of those 31 times, seven are in the caption, initial introduction and ad damnum clause.  Of the remaining 24, 19 are contained in Plaintiffs First and Second Claims and are specifically addressed at all of the defendants.  For example, the allegations about the creation of the fraudulent documents are directed to all of the defendants, because all of the defendants played a part in their creation, whether Beck, Schlesinger and Lipschitz for their execution of the fraudulent documents, or all of the defendants with respect to the creation and participation in the creation of the fraudulent documents, or use thereof in furtherance of their racketeering activity.  Moreover, the claims also specify where such conduct is directed at less than all of the defendants, e.g., ¶¶ 123(a), 123(f), 123(h), 130.  Of the remaining five instances where allegations reference "defendants", one is a typographical error and should read "plaintiffs", two concern defendants refusal to participate in the bais din, and the remaining two concern defendants conduct in general.   Thus, of the 102 substantive paragraphs that allege the factual background in the complaint, only five paragraphs attribute conduct to defendants as a whole, and, as noted, one of those is a typo.  As such, the complaint does not violate Fed.R.Civ.P. 8.

   Although Plaintiffs believe Defendants' proposed motion to dismiss is without merit, as noted herein, given there are certain areas of the complaint that could be alleged in more detail, Plaintiffs respectfully request that the Court grant them the opportunity to amend their complaint to address those issues. *See Somosky v. Consumer Data Industry Ass'n*, 2020 WL 5416622, *1 (S.D.N.Y. 2020)(leave to amend should be freely given absent undue delay, bad faith, undue prejudice or futililty).

               Respectfully submitted,

               Matthew Sheppe