UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ka-Lai Wong,

                              Plaintiff,                         Civil Action No. 1:23-cv-07629-PAE

              -against-

I.A.T.S.E., as Plan Administrator of the I.A.T.S.E.
Annuity and Pension Funds,

                              Defendant.


**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**


SPIVAK LIPTON LLP
1040 Avenue of the Americas, 20th Floor
New York, NY 10018
212-765-2100
*Attorneys for the Funds*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT .....................................................................................................1

STATEMENT OF FACTS ..............................................................................................................2

PROCEDURAL HISTORY..............................................................................................................5

ARGUMENT...................................................................................................................................5

POINT I
THE PLAN DOCUMENTS, SUMMARY PLAN DESCRIPTIONS AND THE FUNDS'
DENIAL LETTER ARE INTERGAL TO PLAINTIFF'S CLAIMS
AND SHOULD BE CONSIDERED IN SUPPORT OF THIS MOTION TO DISMISS ...............5

POINT II
PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT (COUNT I) .........7

    A.      ERISA preempts Plaintiff's breach of contract claim...................................................7

    B.      Plaintiff fails to state a claim for breach of the plan documents (the
            contracts in this case)...................................................................................................9

POINT III
PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF FIDURICARY DUTY
(COUNT II) ..................................................................................................................................11

POINT IV
PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE
PENSION FUND............................................................................................................................14

CONCLUSION...............................................................................................................................15

i

# TABLE OF AUTHORITIES

**Cases**                                                                                              **Page**

Aetna Health Inc. v. Davila,
        542 U.S. 200 (2004)....................................................................................................................8

Ashcroft v. Iqbal,
        556 U.S. 662 (2009)....................................................................................................................5

Bell Atl. Corp. v. Twombly,
        550 U.S. 544 (2007)....................................................................................................................5

Benson v. Tiffany & Co.,
        2021 U.S. Dist. LEXIS 88767 (S.D.N.Y. May 10, 2021)..................................................12, 13

Chambers v. Time Warner, Inc.,
        282 F.3d 147 (2d Cir. 2002)........................................................................................................6

Chau v. Hartford Life Ins. Co.,
        167 F. Supp. 3d 564 (S.D.N.Y. 2016).........................................................................................8

Clutter v. Long,
        2018 U.S. Dist. LEXIS 151205 (E.D.N.Y. Aug. 31, 2018)
        report and recommendation adopted, 2018 U.S. Dist. LEXIS 171038
        (E.D.N.Y. Sept. 28, 2018)........................................................................................................6-7

Davis v. Lenox Hill Hosp.,
        2004 U.S. Dist. LEXIS 17284 (S.D.N.Y. Aug. 31, 2004)................................................. 12-13

Del Greco v. CVS Corp.,
        337 F. Supp. 2d 475 (S.D.N.Y. 2004)......................................................................................12

DeSilva v. N. Shore-Long Island Jewish Health Sys.,
        770 F. Supp. 2d 497 (E.D.N.Y. 2011) .......................................................................................6

DiFolco v. MSNBC Cable L.L.C.,
        622 F.3d 104 (2d Cir. 2010)........................................................................................................6

Faber v. Metro. Life Ins. Co.,
        2009 U.S. Dist. LEXIS 98775 (S.D.N.Y. Oct. 23, 2009),
        aff'd, 648 F.3d 98 (2d Cir. 2011)............................................................................................5, 6

Goe v. Zucker,
        43 F.4th 19 (2d Cir. 2022) ..........................................................................................................5

Guzman v. Bldg. Serv. 32BJ Pension Fund,
    2023 U.S. Dist. LEXIS 43886 (S.D.N.Y. Mar. 14, 2023) ......................................................12

Harrison v. Metro. Life Ins. Co.,
    417 F. Supp. 2d 424 (S.D.N.Y. 2006)...................................................................................13

Keiser v. CDC Inv. Mgmt. Corp.,
    160 F. Supp. 2d 512 (S.D.N.Y. 2001).....................................................................................8

Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan,
    555 U.S. 285 (2009)........................................................................................................10, 11

Kolasinski v. Cigna Healthplan, Inc.,
    163 F.3d 148 (2d Cir. 1998).....................................................................................................8

Levin v. Credit Suisse, Inc.,
    2013 U.S. Dist. LEXIS 49820 (S.D.N.Y. Mar. 18, 2013) ......................................................13

MBody Minimally Invasive Surgery v. Empire Healthchoice HMO, Inc.,
    2016 U.S. Dist. LEXIS 66149 (S.D.N.Y. May 19, 2016)..........................................................6

Med Soc'y. v. UnitedHealth Grp. Inc.,
    2017 U.S. Dist. LEXIS 146867 (S.D.N.Y. Sept. 11, 2017).......................................................6

Merkent v. SI Bank & Trust,
    2006 U.S. Dist. LEXIS 16508 (E.D.N.Y. Apr. 5, 2006) ...........................................................8

Paneccasio v. Unisource Worldwide, Inc.,
    532 F.3d 101 (2d Cir. 2008).....................................................................................................8

Sunwoo v. JPMorgan Chase & Co.,
    2021 U.S. Dist. LEXIS 112084 (S.D.N.Y. June 15, 2021).......................................................8

Winfield v. Citibank, N.A.,
    842 F. Supp. 2d 560 (S.D.N.Y. 2012)......................................................................................6

Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan,
    173 F. App'x 936 (2d Cir. 2006) ............................................................................................13

**Statutes and Other Authorities**

Employment Retirement Income Security Act
     Section 404 29 U.S.C. § 1104 ...............................................................................................1, 5
     Section 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D) ...........................................................10, 14
     Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) ...................................................7, 10, 12, 13
     Section 502(a)(3), 29 U.S.C. § 1132(a)(3) ............................................................................13
     Section 514(a), 29 U.S.C. Section 1144(a) .........................................................................7, 9

Federal Rules of Civil Procedure
     Rule 12(b)(6)............................................................................................................................1

Defendant I.A.T.S.E. Annuity and National Pension Funds ("Funds" or "Defendant"), improperly named as "I.A.T.S.E., as Plan Administrator of the I.A.T.S.E. Annuity and Pension Funds," respectfully submits this memorandum of law in support of its motion to dismiss the complaint ("Complaint") of Plaintiff Ka-Lai Wong ("Wong" or "Plaintiff") under Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff is claiming certain death benefits that were denied to her by the Funds after appeal.  Plaintiff brings two causes of action in support of her claim for benefits.  In the First Cause of Action, Plaintiff alleges common law breach of contract.  In the Second Cause of Action, Plaintiff alleges a breach of fiduciary duty under the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1104 ("ERISA").

The Funds are multiemployer employee benefit plans governed by ERISA.  (See Compl. ¶¶ 5, 13).[1]  The Funds receive contributions from employers that are parties to collective bargaining agreements with the International Alliance of Theatrical Stage Employees ("I.A.T.S.E.") and its affiliated local unions, and provide retirement benefits to those who qualify.

Plaintiff's First Cause of Action fails as a matter of law because her common law breach of contract claim is preempted by ERISA.  Moreover, any claim under ERISA would fail based on the facts as alleged in the Complaint and the rules of the Plans, which are integral to the Plaintiff's claims and therefore should be considered in support of this motion to dismiss.

---

[1] The Complaint in this action was originally filed in the Supreme Court of the State of New York, County of New York, where it was assigned Index No. 157589/2023.  This case was then removed to this Court by Notice of Removal dated August 28, 2023.  (See S.D.N.Y. ECF Dkt. No. 1.)  The Summons and Complaint and Exhibits A and B thereto are contained in Exhibit 1 to the Notice of Removal.  (See ECF Dkt. No. 1-1.)

Plaintiff's Second Cause of Action, alleging breach of ERISA fiduciary duty, should also be dismissed because it is duplicative of Plaintiff's claim for benefits and not supported by the allegations in the Complaint.

Plaintiff's threadbare Complaint does not and cannot withstand a motion to dismiss. Accordingly, Plaintiff's claims should be dismissed in their entirety and with prejudice.

## STATEMENT OF FACTS[2]

Sean McClintock ("McClintock") was a participant in the I.A.T.S.E. Annuity Fund ("Annuity Fund").  (Compl. ¶ 5.)  McClintock died July 17, 2022 and was entitled to benefits from the Annuity Fund at the time of his death.  (See id. ¶¶ 5, 8, 10.)

Although the Complaint was filed against "I.A.T.S.E." as "plan administrator of the I.A.T.S.E. annuity and pension funds" (see Compl. ¶ 3), the Funds are separate legal entities from I.A.T.S.E., which is a labor union (the "Union") (see Declaration of Sara Corello dated September 5, 2023 ("Corello Decl.") ¶¶ 3-4).  The Funds are governed by Boards of Trustees, comprised of equal representatives of employers and IATSE.  (See id., Ex. A at 4 (Letter from Funds to Plaintiff dated March 21, 2023 denying Plaintiff's appeal).[3])  Accordingly, as noted above, Defendant will be referred to herein as the "Funds."

The Complaint alleges that on June 25, 2022, McClintock completed beneficiary forms for the Annuity Fund and the I.A.T.S.E. National Pension Fund ("Pension Fund") designating Plaintiff Wong (alleged to be McClintock's fiancé) as his sole beneficiary.  (Compl. ¶¶ 6-7.)[4]

---

[2] Solely for the purpose of this motion, the Complaint's allegations are assumed to be true.

[3] Although not referenced in the Complaint, the Court may consider the Funds' letter of denial since it is integral to the Complaint.  (See Point I, infra.)

[4] Plaintiff also attached text messages purportedly between McClintock and Plaintiff, including a text message which appears to be from McClintock to Plaintiff saying "Please get a divorce and marry me. Then you can have all my property."  (Compl. Ex. B, ECF Dkt. No. 1-1, at Page 31 of 41.)  Plaintiff does not allege she married McClintock before his death.

However, the Complaint concedes that McClintock did not submit the beneficiary forms to the Funds before his death.  (Compl. ¶ 9).  Moreover, as explained further below (in Point IV), although the Pension Fund is named as Defendant, no facts are alleged to support a claim that any benefits are due to anyone from the Pension Fund on account of McClintock's death.

The beneficiary forms were submitted to the Funds only after McClintock's death, at which time they were rejected based on Plan rules.  (Compl. ¶¶ 9-10; Corello Decl., Ex. A (Funds' March 21, 2023 letter denying Wong's appeal).)  The Funds only recognize beneficiary forms submitted before a participant's death.  As stated on the Annuity Fund beneficiary form (attached as Exhibit A to the Complaint, ECF Dkt. No. 1-1 at Pages 8-13 of 41), "[t]he Fund will only recognize beneficiary forms that it actually receives before your death," (see ECF Dkt. No. 1-1, I.A.T.S.E. Annuity Fund Beneficiary Designation & Qualified Preretirement Survivor Annuity Waiver Form Instructions, at Page 8 of 41 ¶ 5).  Similarly, the Pension Fund beneficiary form states, "[n]ew beneficiary forms will not be accepted by the Fund Office after the Participant's date of death."  (ECF Dkt. No. 1-1, I.A.T.S.E. Pension Fund Beneficiary Designation Form Instructions, at Page 14 of 41 ¶ 7.)

The written rules of the Funds (the "Plans") also require beneficiary forms to be received before a participant's death in order to be recognized by the Funds.  (Corello Decl. Ex. B-1 at numbered page 34 (Annuity Plan, Section 8.08 ("A Participant may designate a Beneficiary on a form provided by the Trustees and delivered to the Trustees before death.") (Emphasis added.))[5]; Corello Decl. Exs. D-1 at numbered page 54 and E-1 at numbered pages 42-43 (Pension Plan B and Plan C, Section 4.06(a) ("A Participant shall designate a Beneficiary on a form provided by

---

[5] A subsequent amendment to an unrelated provision of Plan Section 8.08 is included as Exhibit B-2 to the Corello Declaration for completeness, but the language amended is not germane to this case.

the Plan Administrator. Any form filed with the Plan Administrator purporting to designate a Beneficiary must be completed <u>in accordance with the appropriate instructions</u>.") (Emphasis added).)[6]

Similarly, the Summary Plan Descriptions ("SPD") of each Plan, excerpts of which are annexed as Exhibits C, F, and G to the Corello Declaration clearly describe this rule.[7]  The Annuity Plan SPD says:

> When you join the **Plan**, you'll receive a **beneficiary** designation form that you can use to name your **beneficiary**. All **beneficiary** designations (or changes) must be made on **Plan** forms and <u>received by the **Plan**</u> before your death.

(Corello Decl. Ex. C at numbered page 13, Sec. 11, "Survivor Benefits" (emphasis added).)

The Pension Plan B and Plan C SPDs similarly state: "A change of *beneficiary* takes effect only when you complete a *beneficiary* designation form and it is received by the Fund Office before your death." (Corello Decl. Exs. F at numbered page 6 and G at numbered page 4, "Naming a Beneficiary" (emphasis in original).)

The Funds denied Plaintiff Wong's claim and appeal seeking the death benefits on McClintock's behalf.  (Compl. ¶¶ 1, 10.)  Based on the allegations of the Complaint and Exhibit A attached thereto, it is undisputed that Plaintiff was not designated as McClintock's beneficiary on a form submitted to the Funds before McClintock's death as required by the Funds' rules.

---

[6] The Pension Fund has two plans of benefits – Plan B and Plan C – but the relevant beneficiary designation provisions are identical.  (Corello Decl., Exs. D-1, numbered page 54, and E-1, numbered pages 42-43.)  In addition, subsequent amendments to unrelated provisions of Plans' Section 4.06 are included as Exhibits D-2 and E-2 to the Corello Declaration for completeness, but the language amended is not germane to this case.

[7] Although not referenced in the Complaint, the Court may consider the Plans and Summary Plan Descriptions since they are integral to the Complaint.  (<u>See</u> Point I, *infra.*)

## PROCEDURAL HISTORY

Plaintiff initially brought this action in New York County Supreme Court for common law breach of contract and breach of fiduciary duty under Section 404 of ERISA.  Plaintiff seeks a declaration that Wong is the beneficiary of McClintock's benefits, an order directing that the Funds distribute those benefits to Wong, and "such and further relief as this Court deems just and proper including" attorneys' fees and costs.  As noted above in footnote 1, Defendant subsequently removed the action to this Court.

## ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Goe v. Zucker, 43 F.4th 19, 28 (2d Cir. 2022) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).  On a motion to dismiss, the Court may consider documents attached as exhibits to or incorporated by reference into the complaint, as well as "documents that are integral to the Plaintiff's claims, even if not explicitly incorporated by reference." See, e.g., Faber v. Metro. Life Ins. Co., 2009 U.S. Dist. LEXIS 98775, at *28 n.1 (S.D.N.Y. Oct. 23, 2009), aff'd, 648 F.3d 98 (2d Cir. 2011).

As discussed below, Plaintiff's claims fail as a matter of law.  Accordingly, Defendant's motion to dismiss should be granted in its entirety.

## POINT I
### THE PLAN DOCUMENTS, SUMMARY PLAN DESCRIPTIONS AND THE FUNDS' DENIAL LETTER ARE INTEGRAL TO PLAINTIFF'S CLAIMS AND SHOULD BE CONSIDERED IN SUPPORT OF THIS MOTION TO DISMISS

In considering a motion to dismiss, the court may review documents beyond those appearing on the face of the complaint or attached as an exhibit thereto, if the document is

"integral to the plaintiff's claims, even if not explicitly incorporated by reference." See, e.g., Faber, 2009 U.S. Dist. LEXIS 98775, at *28 n.1.

A document is "integral" and thus may be considered on a motion to dismiss if the complaint "relies heavily upon its terms and effect." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (internal citations omitted); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). Typically, if a claim alleges a breach of contract, the contract would be considered integral. MBody Minimally Invasive Surgery v. Empire Healthchoice HMO, Inc., 2016 U.S. Dist. LEXIS 66149, at *9 (S.D.N.Y. May 19, 2016). In the context of ERISA litigation, courts "routinely consider ERISA plan documents and their summary plan descriptions on motions to dismiss," finding that such documents are "precisely" the kinds of documents on which the plaintiff's claim for benefits depends. Id. (citing, inter alia, Faber, 648 F.3d at 100-01); see also Med Soc'y. v. UnitedHealth Grp. Inc., 2017 U.S. Dist. LEXIS 146867, at *22 n.3 (S.D.N.Y. Sept. 11, 2017) (considering plan documents submitted by defendants in ruling on their motion to dismiss because the plans were integral to the complaint); Winfield v. Citibank, N.A., 842 F. Supp. 2d 560, 575 n.3 (S.D.N.Y. 2012) (same); DeSilva v. N. Shore-Long Island Jewish Health Sys., 770 F. Supp. 2d 497, 548 n.22 (E.D.N.Y. 2011) (same).

Here, the "contract" which Plaintiff claims the Funds breached is the "annuity and pension funds," meaning the Plans. (See Compl. ¶ 11.) Moreover, the beneficiary forms submitted as Exhibit A to the Complaint, and on which Plaintiff fundamentally relies, reference the Funds' rules, reflected in the Plans and the Summary Plan Descriptions ("SPDs"). Therefore, the Funds' Plans and SPDs are both integral to the Plaintiff's claims and may be considered on this motion to dismiss. In addition, because the Funds' denial of Plaintiff's appeal is integral to her claims in the lawsuit, the Funds' March 21, 2023 written denial of Plaintiff's appeal (Corello Decl. Ex. A) may also be considered on this motion to dismiss. See Clutter v. Long, 2018 U.S.

Dist. LEXIS 151205, at *31 n.4 (E.D.N.Y. Aug. 31, 2018) ("The Court may consider the denial

letter because 'in some cases, a document not expressly incorporated by reference in the

complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of

consideration on a motion to dismiss.'"), <u>report and recommendation adopted</u>, 2018 U.S. Dist.

LEXIS 171038 (E.D.N.Y. Sept. 28, 2018).

<u>POINT II</u>
**PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT**
**(COUNT I)**

  Plaintiff fails to state a claim for breach of contract because ERISA preempts such a

common law claim.  Furthermore, she fails to show she is entitled to any benefits under the

written terms of the plan documents ("Plans") (the alleged contracts in this case), based on the

facts alleged, as required for a viable claim under the applicable provision of ERISA.

Specifically, Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), provides in relevant

part that "[a] civil action may be brought []by a participant or beneficiary—…to recover benefits

due to him <u>under the terms of his plan</u>, to enforce his rights <u>under the terms of the plan</u>, or to

clarify his rights to future benefits <u>under the terms of the plan</u>") (emphasis added).  Because the

Plaintiff is not entitled to any benefits under the terms of the Plans, she fails to state a claim,

whether based on common law breach of contract or ERISA.

**A.**  **ERISA preempts Plaintiff's breach of contract claim.**

  The Funds are "employee benefit plans" and are governed by ERISA, as Plaintiff

concedes in the Complaint.  (<u>See</u> Compl. ¶¶ 5, 13.)

  Section 514(a) of ERISA expressly states that it "shall supersede any and all State laws

insofar as they may now or hereafter <u>relate to</u> any employee benefit plan [within ERISA's

coverage]."  29 U.S.C. § 1144(a) (emphasis added).  It is well-settled that ERISA completely

preempts state common law claims, including breach of contract claims, which seek to recover

benefits from ERISA-regulated employee benefits plans (such as the Funds).  ERISA is intended

to "provide a uniform regulatory regime over employee benefits plans."  Aetna Health Inc. v.

Davila, 542 U.S. 200, 208 (2004).

Contract claims seeking to recover benefits from ERISA-regulated plans are therefore

routinely dismissed in the Second Circuit.  See, e.g., Paneccasio v. Unisource Worldwide, Inc.,

532 F.3d 101, 113-14 (2d Cir. 2008) (affirming dismissal of various state law claims arising out

of a denial of benefits under an ERISA-covered plan); Kolasinski v. Cigna Healthplan, Inc., 163

F.3d 148, 148 (2d Cir. 1998) (per curiam) (affirming dismissal of contract claim arising from

alleged failure of plan administrator to compensate the plaintiff for medical treatment); Sunwoo

v. JPMorgan Chase & Co., 2021 U.S. Dist. LEXIS 112084, at *22-23 (S.D.N.Y. June 15, 2021)

(dismissing contract claim alleging that administrators failed to pay plaintiff severance benefits

in accordance with plan documents); Chau v. Hartford Life Ins. Co., 167 F. Supp. 3d 564, 572-

73 (S.D.N.Y. 2016) (stating "it has long been established in this Circuit that breach of contract

claims arising from a failure to pay benefits under an ERISA plan are preempted"); Merkent v.

SI Bank & Trust, 2006 U.S. Dist. LEXIS 16508, at *10-11 (E.D.N.Y. Apr. 5, 2006) (dismissing

implied contract claim seeking to recover severance benefits); Keiser v. CDC Inv. Mgmt. Corp.,

160 F. Supp. 2d 512, 517 (S.D.N.Y. 2001) (dismissing contract claim seeking benefits under

long-term disability and life insurance plans).

Plaintiff's breach of contract claim plainly "relates to" ERISA-governed employee

benefits plans within the meaning of ERISA's preemption doctrine.  The Plaintiff is seeking to

"enforce the designation of Plaintiff as the sole beneficiary of the death benefits" due from the

Funds on account of McClintock's death.  (Compl. ¶ 1.)  Moreover, Plaintiff alleges that the

8

Funds breached "the expressed and implied contract of Mr. McClintock's annuity and pension funds." (Id. ¶ 11.)  In other words, Plaintiff is seeking to be recognized as a beneficiary entitled to benefits based on the rules of the Fund, a claim that clearly "relates to" (within the meaning of Section 514(a) of ERISA) the ERISA-governed Funds.  29 U.S.C. Section 1144(a).

Thus, the breach of contract claim is preempted and accordingly should be dismissed with prejudice.

**B.**     **Plaintiff fails to state a claim for breach of the plan documents (the contracts in this case).**

In addition to being preempted, Plaintiff's breach of contract claim fails as a matter of law because Plaintiff fails to allege facts demonstrating that the denial of her claim for benefits violated the terms of the Plans.  To the contrary, based on the facts as alleged, Plaintiff was not designated as McClintock's *beneficiary* and therefore not entitled to benefits pursuant to the plain terms of the Plans.  (See Statement of Facts, *supra*, at 2-4.)  Plaintiff therefore does not and cannot state a plausible claim for breach of contract against the Funds.

Plaintiff alleges a breach of contract based on the "expressed and implied contract of Mr. McClintock's annuity and pension funds" (that is, the terms of the Annuity and Pension Plans) and the "intent of Mr. McClintock" as manifested in certain text messages between him and Plaintiff.  (See Comp. ¶¶ 11-12.)  But, as explained above, the express terms of the Funds' Plans (as reflected in the SPDs and beneficiary forms) require a beneficiary form to be submitted *before* a participant's death, and the Complaint concedes that McClintock did not do so.  (See

Compl. ¶ 9 and Statement of Facts, *supra*, at 3-4.)[8]  Moreover, Plaintiff's claim must be determined solely by the terms of the Plans.  Under ERISA and applicable Supreme Court case law, any extrinsic evidence beyond the Plans (along with the corresponding SPDs and beneficiary forms) is irrelevant.

As employee benefit plans governed by ERISA, the Funds must follow the terms of their Plans; the participant's intent as to his beneficiary designation is therefore irrelevant except as expressed in accordance with the Plans' terms.  See ERISA Section 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D) (a plan must be administered "in accordance with the documents and instruments governing the plan").

The U.S. Supreme Court has affirmed that ERISA benefit plans (such as the Funds) must follow their written rules in determining who is a beneficiary, without regard to external evidence.  In Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan, 555 U.S. 285 (2009), the Court found that even an explicit waiver of benefits by an ex-spouse in a divorce decree did not overcome a beneficiary designation that was valid under a plan's rules because otherwise "Plan administrators would be forced 'to examine a multitude of external documents that might purport to affect the dispensation of benefits'…." 555 U.S. at 301(internal citations omitted).

The Supreme Court stated that a claim under an ERISA plan "stands or falls by 'the terms of the plan,' [29 U.S.C.] § 1132(a)(1)(B), a straightforward rule of hewing to the directives of the

---

[8] The Annuity Plan (and SPD and beneficiary form) explicitly states the Annuity Fund will only recognize a beneficiary form received before the participant's death.  The language of Pension Plans B and C does not explicitly reference the requirement for a beneficiary form to be received before death, but states that the beneficiary form must be "completed in accordance with the appropriate instructions" and that if not "filed with the Plan Administrator [it] is not acceptable and may be deemed null and void."  (Corello Decl. Exs. D-1 at numbered page 54 and E-1 at numbered pages 42-43 (Pension Plan B and Plan C, Section 4.06(a).)  Moreover, as described in the Statement of Facts, *supra* at 3-4, both the Pension Plans' SPDs and beneficiary form state the Pension Fund will only recognize beneficiary forms received before the participant's death.

plan documents that lets employers 'establish a uniform administrative scheme, [with] a set of standard procedures to guide processing of claims and disbursement of benefits.'"  555 U.S. at 300 (internal citations omitted).  The Court further stated that "ERISA forecloses any justification for enquiries into nice expressions of intent, in favor of the virtues of adhering to an uncomplicated rule: simple administration, avoid[ing] double liability, and ensur[ing] that beneficiaries get what's coming quickly, without the folderol essential under less-certain rules."  555 U.S. at 301 (internal quotation marks and citations omitted).  Requiring the Funds to review and rely on the texts Plaintiff submitted as Exhibit B to the Complaint to determine the beneficiary for McClintock's benefits would create exactly the "folderol" and complications that the Supreme Court says that ERISA forecloses.  (See Compl. Ex. B, ECF Dkt. No. 1-1, Pages 18 of 41 through 41 of 41.)

As described above, the Funds' forms, Plans and SPDs explicitly require a participant to designate a beneficiary on the Funds' form and deliver it to the Funds before the participant's death.  (See Statement of Facts, *supra*, at 3-4).  It is also undisputed that McClintock did not submit a beneficiary form designating Plaintiff Wong as his beneficiary before his death.  (Compl. ¶ 9.)  Therefore, the Funds properly determined that no benefit is payable to Wong and her claims should be dismissed with prejudice.

## POINT III
## PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY
## (COUNT II)

Plaintiff fails to state a claim for fiduciary breach because her claim is duplicative of her claim for benefits in the First Cause of Action, and the facts as alleged in the Complaint do not constitute a fiduciary breach.

First, Plaintiff's claim for fiduciary breach should be dismissed as duplicative of her claim for benefits, which was pleaded as a breach of contract but, as described above in Point II(A), is actually a claim under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

It is clear from the Complaint that under both counts, Plaintiff seeks McClintock's benefits based on the beneficiary forms annexed as Exhibit A.  The first paragraph of the Complaint states "[t]his action has been commenced to enforce the designation of the Plaintiff as the sole beneficiary of the death benefits of deceased I.A.T.S.E. member Sean McClintock and award his benefits to the Plaintiff."  (Compl. ¶ 1.)  Moreover, the relief she seeks for both counts is a "Declaration that the Plaintiff is the rightful beneficiary to Mr. McClintock's benefits," an "Order directing the Defendant to . . . distribute Mr. McClintock's benefits to Plaintiff," and "further relief as to [sic] this court deems just and proper including reasonable attorney fees" and costs.  (Id. ¶¶ 14-16.)  Plaintiff is thus clearly seeking the same relief (payment of McClintock's benefits) under both counts, and therefore the claim for breach of fiduciary duty should be dismissed.  See Guzman v. Bldg. Serv. 32BJ Pension Fund, 2023 U.S. Dist. LEXIS 43886, at *46-47 (S.D.N.Y. Mar. 14, 2023) (dismissing breach of fiduciary duty claim because "the essence of Plaintiff's claim is one for monetary compensation under § 502(a)(1)(B)" and it is premised on identical facts as that claim); Benson v. Tiffany & Co., 2021 U.S. Dist. LEXIS 88767, at *38 (S.D.N.Y. May 10, 2021) (dismissing breach of fiduciary duty claim because plaintiff did not seek equitable relief and plaintiff's harm could be compensated by money damages); Del Greco v. CVS Corp., 337 F. Supp. 2d 475, 488 (S.D.N.Y. 2004) (dismissing breach of fiduciary duty claim because it "merely duplicate[s]" her claim for money damages); Davis v. Lenox Hill Hosp., 2004 U.S. Dist. LEXIS 17284, at *21 (S.D.N.Y. Aug. 31, 2004)

(granting motion for judgment on the pleadings with respect to breach of fiduciary duty claim because such claim is "properly characterized as one solely for monetary damages.").

It is well-settled that an ERISA Section 502(a)(3) breach of fiduciary duty claim "cannot exist solely as a second route to the damages sought under [a claim for benefits under ERISA] § 502(a)(1)(B)."  Benson, 2021 U.S. Dist. LEXIS 88767, at *36; see also Levin v. Credit Suisse, Inc., 2013 U.S. Dist. LEXIS 49820, at *9 (S.D.N.Y. Mar. 18, 2013) (dismissing breach of fiduciary duty claim because it is "coextensive" with the claim for benefits); Harrison v. Metro. Life Ins. Co., 417 F. Supp. 2d 424, 434 (S.D.N.Y. 2006) (dismissing breach of fiduciary duty claim because the "gravamen" of such claim is a claim for monetary damages).  Although Plaintiff seeks a "Declaration that the Plaintiff is the rightful beneficiary" of the benefits, such declaration does not render the relief requested equitable if the declaration is "merely a prelude to a claim for [monetary] damages."  Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan, 173 F. App'x 936, 941 (2d Cir. 2006) (internal citations omitted).

Moreover, the Complaint is devoid of facts showing a breach of fiduciary duty.  The Plaintiff claims that the Funds breached their duty by "failing to deploy electronic beneficiary designation processes, review designations for accuracy, solicit new designations upon life events, and maintain accurate beneficiary designations."  (Compl. ¶ 13.)  However, the Complaint has no specific allegations regarding the Funds' beneficiary designation process.  More importantly, Plaintiff does not seek any relief with respect to the Funds' beneficiary process; rather, she seeks to be recognized as McClintock's beneficiary.  In other words, the fiduciary breach claim is duplicative of her claim for benefits.  Thus, the fiduciary breach claim should be dismissed as duplicative of the benefit claim.

Furthermore, the Funds' denial of Plaintiff's claim to be recognized as beneficiary cannot, as a matter of law, constitute a breach of fiduciary duty because it was required by the Funds' rules.  The Funds would have breached their fiduciary duty if they failed to follow the terms of the Plans and recognized Plaintiff Wong as beneficiary.  See ERISA Sec. 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D) (a plan must be administered "in accordance with the documents and instruments governing the plan").  Plaintiffs do not dispute that the Funds' rules require submission of a beneficiary form before a participant's death, as described in Exhibit A to the Complaint.  Following the rules of the Plans cannot constitute a fiduciary breach.

## POINT IV
## PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE PENSION FUND

The Pension Fund advised Plaintiff in its denial of her appeal that McClintock never vested in the Pension Fund and that therefore no death benefits were due to *anyone* from that fund.  (Corello Decl. Ex. A at 4 (Letter from Funds to Plaintiff dated March 21, 2023) ("As we have previously advised, Mr. McClintock never vested in the IATSE National Pension Fund and thus no death benefit is due from that fund.").)  The Complaint is devoid of allegations to support any claim that McClintock was entitled to any benefit from the Pension Fund.  Plaintiff appears to not understand that the Pension Fund is entirely separate from the Annuity Fund (and separate from I.A.T.S.E., the Union), and has failed to even allege any benefit due on McClintock's behalf from the Pension Fund.  The Complaint should therefore be dismissed against the Pension Fund, even if Plaintiff had been properly designated as beneficiary (which she was not).

## **CONCLUSION**

For the foregoing reasons, the Funds' motion to dismiss the Complaint with prejudice should be granted in its entirety.

Dated: New York, New York
       September 5, 2023

SPIVAK LIPTON LLP
1040 Avenue of the Americas, 20th Floor
New York, N.Y. 10018
Tel: (212) 765-2100
Email: scorello@spivaklipton.com
       gcostello@spivaklipton.com
*Attorneys for the Funds*

By: _____/s/_____
      Sara Corello
      Gillian Costello