**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------X

CHESTER PARK VIEW, LLC, and LAZAR
OSTREICHER

                            Plaintiffs,

                                                  23-cv-05432-CS

        v.

BEN SCHLESINGER, MARVIN
LIPSCHITZ, a/k/a MARVIN LIPSHUTZ,
MORDECHAI BECK and MEIR BERGER

                            Defendants.

--------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS,
## RABBI MORDECHAI BECK'S AND MEIR BERGER'S, MOTION TO DISMISS

*Of Counsel*:

    John W. Mitchell, Esq.
    Michael K. Burke, Esq.

## <u>Table of Contents</u>

**Page**

Table of Authorities..................................................................................................ii

Preliminary Statement ............................................................................................ 1

Pleading Standards .................................................................................................. 2

Gatekeeping Civil RICO Cases ...............................................................................3

Plaintiffs Have Failed to Adequately Plead a Pattern of Racketeering Activity ..........................4

The FAC Fails to Establish Either Closed-ended or Open-ended Continuity .............................7

"Litigation Activities" Do Not Qualify as Predicate Racketeering Acts...........................12

Plaintiffs Have Failed to Show that the Defendants Participated
in an Enterprise Through a Pattern of Racketeering
Activity...................................................................................................................12

Multiple Defendants, Rules 8(a) and 9(b) Particularity ........................................... 13

To Effectively Charge an Act of Wire Fraud in Violation of 18 U.S.C. § 1343, There
Must be Proof of Inter-State Communications, Intra-State Communications Do Not
Qualify...................................................................................................................16

Plaintiffs' Second Cause of Action for RICO Conspiracy,
Fails to State a Claim Upon Which Relief Can Be
Granted ................................................................................................................ 17

Plaintiffs  Have Failed to Plead a Justiciable RICO Injury...........................................21

Conclusion.............................................................................................................24

i

**Table of Authorities**

**Cases**                                                                                           **page(s)**

*Airlines Reporting Corp. v. Aero Voyagers, Inc.*,
   721 F. Supp. 579 (S.D.N.Y. 1989) .......................................................................8

*Aliev v. Borukhov*, 2016 U.S. Dist. LEXIS 88856
   (E.D.N.Y. 2016) ................................................................................................ 13

*Angermeir v. Cohen*, 14 F. Supp. 3d 134
   (S.D.N.Y. 2014) ...........................................................................................11, 12

*Baisch v. Gallina*, 346 F. 3d 366
   (2d Cir. 2003) ................................................................................................... 18

*Bayshore Capital Advisors, LLC v. Creative Wealth Media Fin. Corp.*,
   2023 U.S. Dist. LEXIS 57048 (S.D.N.Y. 2023) ............................................. 5, 16

*Bell Atl.Corp. v. Twombly*, 550 U.S. 544,  570, 127 S.Ct. 1955   (2007)………………………… 3

*Bernstein v. Misk*, 948 F. Supp. 228
   (E.D.N.Y. 1997) ................................................................................................ 13

*Bischoff v. Albertsons Co.*, 2023 U.S. Dist. LEXIS 109367
   (S.D.N.Y. 2023) ................................................................................................... 3

*Black v. Ganieva*, 2022 U.S. Dist. LEXIS 116239
   (S.D.N.Y. 2022) ................................................................................................... 9

*Brock v. Zuckerberg*, 2021 U.S. Dist. LEXIS 119021
   (S.D.N.Y. 2021), aff'd. 2022 U.S. App. LEXIS 11368 (2d Cir. 2022)................................ 10

*Burgdorf v. Betsy Ross Nursing & Rehab. Ctr. Inc.*,
   2023 U.S. Dist. LEXIS 1525 (N.D.N.Y. 2023).................................................... 3

*Broidy v. Glob. Risk Advisors LLC*, 2023 U.S. Dist. LEXIS 171621
   (S.D.N.Y. 2023) ................................................................................................. 20

*Campos v. Lavinsky*, 2022 U.S. Dist. LEXIS 206208
   (E.D.N.Y. 2022) ................................................................................................... 3

*Cargo on Demand, Inc. v. Polar Air Cargo Worldwide, Inc.*,
   2023 U.S. Dist. LEXIS 119185 (S.D.N.Y. 2023) ............................................... 16

ii

*Cofacredit, S.A. v. Windsor Plumbing Supply Co.*,
   187 F.3d 229 (2d Cir. 1999)........................................................................13

*Conte v. Tapps Supermarket, Inc.*,
   2022 U.S. Dist. LEXIS 176375 (E.D.N.Y. 2022) ...................................... 8

*Crossborder Sols., Inc. v. Macias, Gini, & O'Connell, LLP*,
   2022 U.S. Dist. LEXIS 31788 (S.D.N.Y. 2022) ........................................ 7

*Cruz v. FXDirectDealer, LLC*, 720 F.3d 115
   (2d Cir. 2013) ........................................................................................... 10

*DeFalco v. Bernas*, 244 F.3d 286
   (2d Cir. 2001) ........................................................................................... 10

*Doe v. Trump Corp.*, 385 F. Supp. 3d 265
   (S.D.N.Y. 2019) ........................................................................................ 18

*Durant v. ServiceMaster Co.*, 159 F. Supp. 2d 977
   (E.D. Mich. 2001) ...................................................................................... 4

*Eagle One Roofing Contractors, Inc. v. Acquafredda*,
   2018 U.S. Dist. LEXIS 59969 (E.D.N.Y.  2018) ...................................... 12

*Empire Merchs., LLC v. Reliable Churchill LLLP*,
   902 F.3d 132 (2d Cir. 2018)......................................................................18

*Entretelas Americanas S.A. v. Soler*, 840 F. App'x 601
   (2d Cir. 2020) ....................................................................................... 3, 12

*Espire ADS LLC v. Tapp Influencers Corp.*, 2023 U.S. Dist. LEXIS 24231
   (S.D.N.Y. 2023) ........................................................................................ 15

*FindTheBest.com, Inc. v. Lumen View Tech. LLC*,
   20 F. Supp. 3d 451 (S.D.N.Y. 2014)........................................................10

*First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*,
   385 F.3d 159 (2d Cir. 2004)........................................................................9

*Gabovitch v. Shear*, 1995 U.S. App. LEXIS 32856
   (1st Cir. 1995)……………………………………………………......…..2

*Gaffney v. Thandi*, 2023 U.S. Dist. LEXIS 127701
   (D. Vt. 2023)…………………………………………………………...…17

iii

*Goldfine v. Sichenzia*, 118 F. Supp. 2d 392
(S.D.N.Y. 2000) ................................................................................. 4

*Gross v. Waywell,* 628 F. Supp. 2d 475
(S.D.N.Y. 2009) ................................................................................. 4

*Helios Int'l S.A.R.L. v. Cantamessa USA, Inc*.,
2013 U.S. Dist. LEXIS 107552 (S.D.N.Y. 2013) ................................ 2

*Hemmerdinger Corp. v. Ruocco*, 2016 U.S. Dist. LEXIS 52391
(E.D.N.Y. 2016) .............................................................................. 18

*Home Orthopedics Corp. v. Rodríguez*,
781 F.3d 521 (1st Cir. 2015) ............................................................. 8

*Horn v. Med. Marijuana, Inc.,* 2023 U.S. App. LEXIS 21869
(2d Cir.  2023) ................................................................................ 18

*In re Merrill Lynch Ltd. P'ships Litig*., 154 F.3d 56
(2d Cir. 1998) ................................................................................. 18

*In re Tether & Bitfinex Crypto Asset Litig*.,
576 F. Supp. 3d 55 (S.D.N.Y. 2021) ................................................ 15

*Jingle Kids United States, LLC v. In Colour Capital, Inc*.,
2023 U.S. Dist. LEXIS 99541 (S.D.N.Y. 2023) ................................ 15

*Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649
(S.D.N.Y. 1996) .............................................................................. 15

*Kim v. Kimm,* 884 F.3d 98
(2d Cir. 2018) ................................................................................... 9

*Lerner v. Fleet Bank, N.A.,* 318 F.3d 113
(2d Cir. 2003) ................................................................................. 18

*LGN Int'l, LLC v. Hylan Asset Mgmt. LLC*, 2023 U.S. Dist. LEXIS 88032
(W.D.N.Y. 2023) ........................................................................17, 19

*Liberty Mutual Insurance Co. v. Blessinger*,
2007 U.S. Dist. LEXIS 21781 (E.D.N.Y. 2007) ................................. 7

*Lopez v. Bonanza.com, Inc*., 2019 U.S. Dist. LEXIS 170715
(S.D.N.Y.  2019) ............................................................................. 14

*Lynn v. McCormick*, 2017 U.S. Dist. LEXIS 207543
(S.D.N.Y. 2017) ..................................................................................... 10, 16

*McCoy v. Goldberg*, 748 F. Supp. 146
(S.D.N.Y. 1990) .......................................................................................... 13

*MinedMap, Inc. v. Northway Mining*, LLC,
2021 U.S. Dist. LEXIS 91319 (N.D.N.Y. 2021) ........................................ 4

*Minedmap, Inc. v. Northway*,
2022 U.S. App. LEXIS 5098 (2d Cir. 2022) ........................................... 8, 9

*Munroe v. Fein*, 2023 U.S. Dist. LEXIS 173389
(E.D.N.Y. 2023) ........................................................................................... 2

*Negron v. Cigna Health & Life Ins. Co.,* 2023 U.S. Dist. LEXIS 51300
(D. Conn. 2023) ............................................................................................ 2

*Orthoflex, Inc. v. ThermoTek, Inc.*, 2012 U.S. Dist. LEXIS 96657
(N.D. Tex. 2012) .......................................................................................... 8

*Ouaknine v. MacFarlane*, 897 F.2d 75
(2d Cir. 1990) ............................................................................................. 18

*Palani Karupaiyan v. CVS Health Corp.*,
2021 U.S. Dist. LEXIS 182300 (S.D.N.Y.  2021) ...................................... 7

*Pallickal v. Technology Int'l Ltd.*,
1996 U.S. Dist. LEXIS 4039 (S.D.N.Y. 1996) ........................................ 12

*Petroff Amshen LLP v. Alfa Rehab. Pt Pc,* 2022 U.S. App. LEXIS 4312
(2d Cir. 2022) ............................................................................................. 23

*Poole v. Bendixen*, 2021 U.S. Dist. LEXIS 159445
(N.D.N.Y. 2021) ........................................................................................ 14

*Reich v. Lopez*, 38 F. Supp. 3d 436
(S.D.N.Y. 2014) ..................................................................................... 7, 18

*Rothberg v. Chloe Foods Corp.*,
2007 U.S. Dist. LEXIS 53914 (E.D.N.Y. 2007) ...................................... 18

*Sandoz Inc. v. Medwiz Sols., LLC*, 2022 U.S. Dist. LEXIS 7211
(S.D.N.Y. 2022) ........................................................................................... 3

v

*Santana v. Adler*, 2018 U.S. Dist. LEXIS 51401
(S.D.N.Y. 2018) ................................................................................................ 4, 18

*Smith v. Ayres*, 845 F.2d 1360
(5th Cir. 1988) ........................................................................................................ 13

*Smulley v. Fed. Hous. Fin. Agency*,
754 F. App'x 18 (2d Cir. 2018) .............................................................................. 9

*Spiteri v. Russo*, 2013 U.S. Dist. LEXIS 128379
(E.D.N.Y. 2013) ...................................................................................................... 4

*Spool v. World Child Int'l Adoption Agency*,
520 F. 3d 178 (2d Cir. 2008) ................................................................................. 12

*Sterling v. Deutsche Bank Nat'l Tr. Co.*, 2023 U.S. Dist. LEXIS 52010
(S.D.N.Y. 2023) .................................................................................................... 18

*Tasaka v. Bayview Loan Servicing, LLC*,
2021 U.S. Dist. LEXIS 5170 (E.D.N.Y. 2021) ...................................................... 2

*Taylor v. Darcy*, 2018 U.S. Dist. LEXIS 137489
(E.D.N.Y. 2018) .................................................................................................... 14

*Town of Islip v. Datre*, 245 F. Supp. 3d 397
(E.D.N.Y. 2017) .................................................................................................... 12

*Trump v. Clinton*, 626 F. Supp. 3d 1264
(S.D. Fla. 2022) ...................................................................................................... 9

*United States v. Indelicato*, 865 F.2d 1370
(2d Cir. 1989) .......................................................................................................... 6

*United States v. Persico*,
832 F.2d 705 (2d Cir. 1987) .................................................................................. 16

*United States v. Pizzonia*, 577 F.3d 455
(2d Cir. 2009) ........................................................................................................ 16

*Utz v. Correa*, 631 F. Supp. 592
(S.D.N.Y. 1986) .................................................................................................... 13

*Verschleiser v. Frydman*, 2023 U.S. Dist. LEXIS 158963
(S.D.N.Y. 2023) ..................................................................................... 12, 14

*Vidurek v. Pollen,* 2021 U.S. Dist. LEXIS 169179
(S.D.N.Y. 2021) ..................................................................................... 17

*Weaver v. Boriskin*, 751 F. App'x 96
(2d Cir. 2018) ........................................................................................ 12

*Weir v. Cenlar FSB,* 2018 U.S. Dist. LEXIS 118844
(S.D.N.Y. 2018) ..................................................................................... 14

*Westchester Cnty. Indep. Party v. Astorino,*
137 F. Supp. 3d 586 (S.D.N.Y. 2015) ................................................... 15

*Williams v. Affinion Grp., LLC*, 889 F. 3d 116
(2d Cir. 2018) ........................................................................................ 11

*Williams v. Long Beach Mortg. Co.,*
2020 U.S. Dist. LEXIS 146927 (S.D.N.Y. 2020) ................................. 7, 12

*Zimmerman v. Poly Prep Country Day Sch.*, 888 F. Supp. 2d 317
(E.D.N.Y. 2012) ..................................................................................... 18

*Zuhovitzky v. UBS AG CHE 101.329.562*, 2023 U.S. Dist. LEXIS 123678
(S.D.N.Y. 2023) ..................................................................................... 18

**Statutes and Rules:**

Rule 8(a) Fed. R. Civil Pro… ................................................................ passim

Rule 9(b) Fed. R. Civil Pro… ................................................................ passim

Rule 12(b)(6) Fed. R. Civil Pro… .......................................................... passim

18 U.S.C. § 1343…………………………………………………...…passim

18 U.S.C. § 1962(a)............................................................................ 18, 19

18 U.S.C. § 1962(b) ............................................................................ 18,19

18 U.S.C. § 1962(c)............................................................................. passim

18 U.S.C. § 1962(d) ..................................................................................................... 18, 19, 20

18 U.S.C. § 1964(c) ........................................................................................................... passim

**Preliminary Statement**

This case evolved from a dispute between the Plaintiffs and the Defendants about the ownership and control of a parcel of real property located at 38 College Road, Monsey, New York. ("the property"). In short, the Plaintiffs at bar claim that as the result of a transaction in May of 2022, Chester Park View, LLC, and Lazar Ostreicher acquired the right to purchase the Monsey property which they intended to use for theological teaching and to conduct religious services. (FAC ¶¶ 39-44).

Correspondingly, the Defendants claim that they are the rightful fee owners of the property, which they likewise intend to use for religious worship purposes. In an effort to resolve these competing claims, an action was brought in state court (the Supreme Court, Rockland County[1]), pursuant to Article 15 of the New York State Real Property Law, seeking a declaratory judgment as to who is entitled to ownership and control of the subject real property.

However, the Plaintiffs – dissatisfied with the pace of the state court proceedings and unable to shift the proceedings to a *Bais Din* (a Rabbinical Court) - now seek to litigate what is fundamentally a run-of-the-mill breach of contract/declaratory judgment claim via the instant civil RICO action. Obdurately ignoring the well-settled case law admonishing that the civil RICO statute was not enacted - and is not to be employed - to address garden-variety breach of contract claims, Plaintiffs' have nonetheless resorted to the misguided stratagem of filing the present civil RICO suit hoping to scare and bully the Defendants into capitulating.

---

[1] The state court proceeding referenced is presently pending in the Supreme Court, Rockland County. See, *Anshei Sfard DMonsey v. Anshei Sfard DMonsey Inc et al*, Rockland County Supreme Court, Docket #032153/2022 (Hon. Rolf A. Thorsen, J.), filed on May 13, 2022, https://iapps.courts.state.ny.us/nyscef/DocumentList?docketd=12t5d73QMnpyGb0yn9CkvA==&display=all.

- 1 -

As a consequence, this Court and the Defendants are now unjustifiably burdened to respond to the Plaintiffs' frivolous, contrived civil RICO suit. See; *Negron v. Cigna Health & Life Ins. Co.,* 2023 U.S. Dist. LEXIS 51300, *20 (D. Conn. 2023): "Courts in the Second Circuit consistently warn against transforming actions stemming from alleged breaches of contract into federal RICO claims;" *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.,* 2013 U.S. Dist. LEXIS 107552, at *9 (S.D.N.Y. 2013): "Plaintiffs cannot turn this case into a RICO case simply by recasting breach of contract [and common business torts] as conspiracies of deception and fraud… breach of contract [and common business torts] … cannot be transmogrified into a RICO claim by the facile device of charging that the breach was fraudulent, indeed criminal;" *Gabovitch v. Shear*, 1995 U.S. App. LEXIS 32856, *7 - *8 (1st Cir. 1995): "In essence, simply by alleging that defendants' litigation stance in the state court case was 'fraudulent,' plaintiff is insisting upon a right to relitigate that entire case in federal court (while the case remains pending in the state appellate court). The RICO statute obviously was not meant to endorse any such occurrence… [a]n extension of RICO standing in these circumstances would serve to federalize a substantial volume of common law fraud litigation traditionally left to state courts;" *Munroe v. Fein*, 2023 U.S. Dist. LEXIS 173389, *10 n.5 (E.D.N.Y. 2023): "I surmise that every member of the federal bench has before him or her at least one—and possibly more—garden variety fraud or breach of contract cases that some Plaintiff has attempted to transform into a vehicle for treble damages…"

### Pleading Standards

As the Court in *Bischoff v. Albertsons Co.*, 2023 U.S. Dist. LEXIS 109367, *3-*4 (S.D.N.Y. 2023) made clear: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face… [a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

- 2 -

reasonable inference that the defendant is liable for the misconduct alleged.'" Applying these standards, numerous courts in this Circuit have observed that "[a] 'threadbare recital[] of a [RICO] cause of action's elements, supported by mere conclusory statements, do[es] not suffice.'" *Entretelas Americanas S.A. v. Soler*, 840 F. App'x 601, 604 (2d Cir. 2020).

### Gatekeeping Civil RICO Cases

Further, and because of judicial concern that civil RICO actions should only be brought when the underlying facts justify the invocation of this draconian statute, the federal district courts have exercised diligent gate-keeper scrutiny in their ongoing endeavor to ensure that the application of the civil RICO statute is not abused. As the Court in *Burgdorf v. Betsy Ross Nursing & Rehab. Ctr. Inc.*, 2023 U.S. Dist. LEXIS 1525, *7 (N.D.N.Y. 2023) observed, "it is well-settled that a civil claim pursuant to RICO 'is an unusually potent weapon - the litigation equivalent of a thermonuclear device. Because the mere assertion of a RICO claim… has an almost inevitable stigmatizing effect on those named as defendants… courts should strive to flush out frivolous RICO allegations at an early stage of the litigation.'" Accord: *Santana v. Adler*, 2018 U.S. Dist. LEXIS 51401, *6 (S.D.N.Y. 2018): "Alleged RICO violations must be reviewed with an appreciation of the extreme sanctions it provides, so that actions traditionally brought in state courts do not gain access to treble damages and attorney's fees in federal court simply because they are cast in terms of RICO violations;" *MinedMap, Inc. v. Northway Mining*, LLC, 2021 U.S. Dist. LEXIS 91319, *5 (N.D.N.Y. 2021), explaining that it is the "rare complaint that actually states a claim for civil RICO;" *Spiteri v. Russo*, 2013 U.S. Dist. LEXIS 128379, 173 (E.D.N.Y. 2013): "Courts look with particular scrutiny at claims for a civil RICO, given RICO's damaging effects on the reputations of individuals alleged to be engaged in RICO enterprises and conspiracies;" *Goldfine v. Sichenzia*, 118 F. Supp. 2d 392, 397 (S.D.N.Y. 2000): "Because the

- 3 -

mere assertion of a RICO claim… has an almost inevitable stigmatizing effect on those named as defendants… courts should strive to flush out frivolous RICO allegations at an early stage of the litigation;" *Durant v. ServiceMaster Co.*, 159 F. Supp. 2d 977, 981 (E.D. Mich. 2001): "Because of the opprobrium that a RICO claim brings to a defendant, however, courts should eliminate frivolous RICO claims at the earliest stage of litigation;" *Gross v. Waywell,* 628 F. Supp. 2d 475, 479 (S.D.N.Y. 2009): Surveying civil RICO cases and finding that they overwhelmingly fail and that 'notwithstanding RICO's enchantment, like the siren's song, has again drawn another crew of spellbound plaintiffs foundering against the rocks.'"

**Plaintiffs Have Failed to Adequately Plead a "Pattern of Racketeering Activity"**

The present FAC sets forth seven purported "predicate acts" that allegedly constitute the "pattern of racketeering activity" that undergirds the Plaintiffs' two civil RICO causes of action. ("FAC," ¶¶ 120 – 126).

The first "predicate act" enumerated (FAC, ¶ 120) - which only identifies the Defendants Schlesinger and Lipschitz - alleges that "Schlesinger's and Lipschitz's execution of the contract with CPV while over Zoom constitutes a predicate act and wire fraud." The Complaint represents that this event occurred on May 5, 2022. (FAC, ¶ 40 *et seq*.).

The next three "predicate acts" listed, concern allegations of purported fraudulent documents being filed as exhibits in the ongoing state litigation.[2] To wit:

121.   Defendants' creation and submission to the court in the New York State

---

[2] While Plaintiffs have attached as exhibits the several documents referenced in their FAC, and while "courts routinely take judicial notice of documents filed in other courts… to establish the fact of such litigation and related filings (citations omitted)… 'in taking judicial notice of such public records, the Court does so only to establish the fact of such litigation, not for the truth of the matters asserted in that proceeding.'" *Bayshore Capital Advisors, LLC v. Creative Wealth Media Fin. Corp.,* 2023 U.S. Dist. LEXIS 57048, *6 (S.D.N.Y. 2023).

Action of the Fraudulent Meeting Minutes constitutes a predicate act and wire fraud; (FAC, ¶¶ 177[c]; ¶ 121).

122.    Beck's creation and submission to the court in the New York State Action of the Fraudulent Certificate constitutes a predicate act and wire fraud; (FAC, ¶ 122).[3]

123.    Defendants' creation and submission to the court in the New York State Action of the Fraudulent Agreement constitutes a predicate act and wire fraud; (FAC, ¶ 123).

These "litigation activities" are all said to have occurred on May 13, 2022 - the date that the referenced documents were (presumably electronically) filed in the state court proceeding. (FAC, ¶ 50).

The allegation of a "predicate act" in paragraph 122 appears to have been designed to purposefully mislead. That is to say, by asserting that "Beck's creation and submission of… the Fraudulent Certificate constitutes a predicate act and wire fraud," one is led to believe that this paragraph is describing conduct by the Defendant Rabbi Beck. However, as paragraphs 65 and 67 of the FAC reveal, the reference to "Beck's" in paragraph 122, is not a reference to Defendant Rabbi Beck at all, but rather to a person named "Morcha Beck," whom Plaintiffs concede they are not even sure is a real person; to wit: "Morcha Beck, who apparently filed the Fraudulent Certificate, was never a trustee or officer of ASD. In fact, it is unclear whether Morcha Beck is an actual person or just a made-up name for Beck or one of Beck's Relatives." (FAC, ¶ 67).

The fifth purported predicate act alleges that "Schlesinger's execution and filing of the Satisfaction of Mortgage constitutes a predicate act and wire fraud." However according to

---

[3] This allegation is asserted to be based upon "information and belief." The basis of such "belief" is not provided anywhere in the FAC, accordingly, it merits no consideration. See FAC at ¶ 65, to wit: "On April 29, 2022, Morcha Beck filed what purported to be an 'Amended Certificate of Incorporation' of ASD (the 'Fraudulent Certificate,' attached hereto as Exhibit 3) which upon information and belief was created by Berger at Beck's direction." (emphasis added).

paragraph 107 of the FAC, while it is alleged that – "[o]n or about July 13, 2022, Schlesinger executed a satisfaction of mortgage on behalf of himself and ASD Inc. of the ASD Note" – there is no allegation that Defendant Schlesinger caused the wire transmission of any data, and therefore the allegation does not make out a violation of the wire fraud statute. (see 18 U.S.C. §1343).

The sixth purported "predicate act" alleges that: "Defendants used the Property and ASD under the shield of New York's Religious Corporation Law, when there was no congregation, no bank account for ASD and no operating documents for ASD are predicate acts." However, since there is no allegation of any wire transmission by any Defendant, this allegation too, does not qualify as a racketeering act under 18 U.S.C. § 1961 (1).

The seventh predicate act is set forth in paragraph 126 of the FAC. Plaintiffs allege that: "Defendants' direction to others, in particular, Blum, to email Rabbi Ostreicher while Rabbi Ostreicher was in Israel to mislead him about Beck's willingness to participate in the *Bais Din* was a predicate act of wire fraud." Once again, the Plaintiffs have failed to plead a qualifying racketeering act. In addition to the fact that one cannot discern from the pleading which Defendant (if any) is alleged to have been involved in this transaction(s), it alleges conduct by someone by the name of "Rabbi Blum" (who is not named as a defendant to this suit nor alleged to have been associated with or to have conducted the affairs of the enterprise).

In addition to the irreparable defects in the Plaintiffs' "predicate acts" outlined above, given the duration of these acts, they were not sufficiently "continuous" to form a pattern of racketeering activity. In this regard, as the FAC shows, the earliest predicate act alleged appears in paragraph 120 of the FAC and that event is said to have occurred on May 5, 2022. (FAC, ¶¶ 40, 120). The latest (in point of time) predicate act alleged, is that set forth in paragraph 124, which purportedly occurred on July 13, 2022. (FAC, ¶ 107). Thus, according to Plaintiffs' Complaint, the predicate

- 6 -

acts began on May 5, 2022, and ended on July 13, 2022. Thus the duration of this alleged racketeering activity was approximately two months.

**The FAC Fails to Establish Either Closed-ended or Open-ended Continuity**

Sitting *en banc*, the Second Circuit Court of Appeals, in their decision *United States v. Indelicato*, 865 F.2d 1370 (2d Cir. 1989) (*en banc*), took the occasion to resolve the confusion that then existed with regard to whether "continuity" and/or "relatedness" were attributes of the RICO "enterprise" element, or rather, were attributes of the "pattern of racketeering" element. As the Court went on to clarify: "[W]e conclude today that… the concepts of relatedness and continuity are attributes of activity, not of a RICO enterprise, and that a RICO pattern may not be established without some showing that the racketeering acts are interrelated and that there is continuity or a threat of continuity."

To establish the element of a "pattern of racketeering activity," a RICO plaintiff must show that the racketeering acts said to constitute the "pattern" demonstrated either "closed-ended" or "open-ended continuity." A plaintiff may satisfy the continuity requirement "by alleging either a close-ended pattern - that is, criminal conduct extending over a substantial period of time - or an open-ended pattern, i.e., past criminal conduct coupled with a threat of future criminal activity." *Liberty Mutual Insurance Co. v. Blessinger*, 2007 U.S. Dist. LEXIS 21781, *12 (E.D.N.Y. 2007). Accord: *Crossborder Sols., Inc. v. Macias, Gini, & O'Connell, LLP*, 2022 U.S. Dist. LEXIS 31788, *26 -*28 (S.D.N.Y. 2022).

Axiomatically, a pattern of racketeering activity said to be made up of seven wire transmissions - which only lasted for approximately two months - could never meet the test for finding "closed-ended continuity." As Judge Buchwald of this Court explained in *Williams v. Equitable Acceptance Corp.*, 443 F. Supp. 3d 480, 493 (S.D.N.Y. 2020): "In this Circuit, a pattern

- 7 -

should generally extend over at least two years to establish closed-ended continuity;" Accord: *Palani Karupaiyan v. CVS Health Corp.*, 2021 U.S. Dist. LEXIS 182300, *96 (S.D.N.Y. 2021): "Closed-ended continuity describes a finite, pre-litigation period of repeated conduct over a time period of substantial duration… [p]redicate acts extending over only a few weeks or months do not satisfy the substantial duration element;" *Reich v. Lopez*, 858 F.3d 55, 60 (2d Cir. 2017): "Although continuity is primarily a temporal concept, other factors such as the number and variety of predicate acts, the number of both participants and victims and the presence of separate schemes are also relevant in determining whether closed-ended continuity exists;" *Minedmap, Inc. v. Northway*, 2022 U.S. App. LEXIS 5098, *5 (2d Cir. 2022): "MinedMap's closed-ended continuity claims also fail because they are more akin to garden variety breach of contract and tort claims than a large-scale civil RICO claim. When analyzing a closed-ended continuity pattern, courts must consider the number and variety of predicate acts, the complexity and number of the schemes, and the number of participants and victims."

In addition, when the allegations made in a civil RICO complaint show that the matter at issue involved a "single scheme," no finding of closed-ended continuity will obtain. See, *Conte v. Tapps Supermarket, Inc*., 2022 U.S. Dist. LEXIS 176375, *22 -*23 (E.D.N.Y. 2022): "The false mortgagee applications and property sale documents allegedly achieved through mail and wire fraud, which purportedly led to the sale of the subject property, appear to be a single scheme, not a pattern and do not appear to establish the requisite continuity." Accord: *Orthoflex, Inc. v. ThermoTek, Inc.*, 2012 U.S. Dist. LEXIS 96657, *11- *12 (N.D. Tex. 2012): "Continuity cannot be established by multiple acts of fraud that are part of a single transaction;" *Home Orthopedics Corp. v. Rodríguez*, 781 F.3d 521, 530 (1st Cir. 2015): "We have 'consistently declined to find continuity where the RICO claim concerns a single, narrow scheme targeting few victims;'"

- 8 -

*Airlines Reporting Corp. v. Aero Voyagers, Inc.*, 721 F. Supp. 579, 583-84 (S.D.N.Y. 1989) (holding that a complaint which alleged "a closed-ended, single scheme involving three perpetrators, a company and two of its directors, one victim, and an uncomplicated transaction []essentially relating to a simple breach of contract," over a thirteen month period failed to plead continuity.).

Nor do the facts asserted in the FAC establish "open-ended continuity." As the Court in *Grace Int'l Assembly of God v. Festa*, 797 F. App'x 603, 606 (2d Cir. 2019) clarified: "There are two ways to show open-ended continuity - (1) 'where the acts of the defendant or the enterprise [are] inherently unlawful, such as murder or obstruction of justice, and [are] in pursuit of inherently unlawful goals, such as narcotics trafficking or embezzlement,' (this first type of open-ended continuity, primarily targets organized crime), or (2) 'where the enterprise primarily conducts a legitimate business' but there is 'some evidence from which it may be inferred that the predicate acts were the regular way of operating that business, or that the nature of the predicate acts themselves implies a threat of continued criminal activity,' (citations omitted)  The allegation of a scheme that was inherently terminable does not plausibly imply a threat of continued racketeering activity." See also; *Skylon Corp. v. Guilford Mills*, 1997 U.S. Dist. LEXIS 2104, *18-*19 (S.D.N.Y. 1997): "Plaintiff does not allege inherently unlawful acts, such as murder or obstruction of justice. Plaintiff alleges a number of predicate acts typical of a run-of-the-mill fraud. Plaintiff alleges, *inter alia*, verbal and written misrepresentations made over the telephone and in letters, constituting wire and mail fraud. None of these acts are inherently unlawful, but rather are typical of garden-variety fraud claims;" *Jgiap RH 160 LLC v. Cri Holding Corp.*, 2023 U.S. Dist. LEXIS 144781, *34 (E.D.N.Y. 2023): "Plaintiff's allegations fail to satisfy the requirement that defendants engaged in 'inherently unlawful' activities… '[o]rdinary fraud supported by wire fraud predicates

- 9 -

are not "inherently unlawful" for purposes of RICO continuity;'" *Paul Hobbs Imps. Inc. v. Verity Wines LLC*, 2023 U.S. Dist. LEXIS 12184, *46-*47 (S.D.N.Y. 2023): "[I]n cases concerning alleged racketeering activity in furtherance of endeavors that are not inherently unlawful, such as frauds in the sale of property… the Second Circuit has held that a threat of continued criminal activity cannot be established when 'the scheme was inherently terminable."

As a final observation on the issue of continuity, presumably, the verbiage that Plaintiffs' Counsel added to his FAC (in paragraph 108) was intended to support some claim of "open-ended" continuity. As the FAC asserts:

> Defendants have used these fraudulent documents not only in a New York State Court proceeding, but they have filed them with the Rockland County Clerk and it is clear by their conduct that they will continue not only to offer these fraudulent documents to further their misconduct, but they will also create whatever documents they believe may be necessary to achieve the Enterprise's goal of taking the Property from Plaintiffs. (FAC, ¶ 108).

Two observations in this regard are germane. First, Plaintiffs' conjecture about how the Defendants might conduct themselves in the future – offered without a whit of proof in support – is not entitled to any probative value. Unsupported speculation and conclusions do not pass muster under *Iqbal* and its progeny. See, *One World, LLC v. Onoufriadis*, 2021 U.S. App. LEXIS 29370, *2 (2d Cir. 2021): "In addressing the sufficiency of a complaint… we are not required to credit allegations that are speculative or conclusory;" *Zamora v. Fit Int'l Grp. Corp.*, 834 F. App'x 622, 625 (2d Cir. 2020) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference[s]… mere conclusory statements, do not suffice;" *Amelio v. McCabe*, 2023 U.S. Dist. LEXIS 176649, *6 (S.D.N.Y. 2023): "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements;" *Picket Fence Preview, Inc. v. Zillow,*

*Inc.*, 2023 U.S. App. LEXIS 19616, *3 (2d Cir. 2023): "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)."

Second, and if indeed this paragraph was inserted in some ill-considered effort to argue open-ended continuity, Plaintiffs actually undercut themselves because they confirm that the transactions alleged constitute a unitary series of events, which are, given the nature of the events, "inherently terminable." Open-ended continuity does not exist where the scheme is "inherently terminable." *GICC Cap. Corp. v. Tech. Fin. Grp., Inc.*, 67 F.3d 463, 466 (2d Cir. 1995). See, *Jgiap RH 160 LLC v. Cri Holding Corp.*, 2023 U.S. Dist. LEXIS 144781, *34-*35 (E.D.N.Y. 2023): "[A] scheme that was inherently terminable does not plausibly imply a threat of continued racketeering activity… [o]rdinary fraud supported by wire fraud predicates are not 'inherently unlawful' for purposes of RICO continuity… cases concerning alleged racketeering activity in furtherance of endeavors that are not inherently unlawful, such as frauds in the sale of property, the courts generally have found no threat of continuing criminal activity;" *Crossborder Sols., Inc. v. Macias, Gini, & O'Connell, LLP*, *supra* at *27-*28: "[I]t is well-established law that fraud does not fall within the 'inherently unlawful' category of predicate acts so as to imply a threat of continued criminal activity… '[c]ourts have uniformly and consistently held that schemes involving a single, narrow purpose and one or few participants directed towards a single victim do not satisfy the RICO requirement of a closed or open pattern of continuity.'" See also; *Minedmap, Inc. v. Northway*, *supra* at *6: "Open-ended continuity does not exist where the scheme is 'inherently terminable.'"

**"Litigation Activities" Do Not Qualify as Predicate Racketeering Acts**

As the FAC shows, most of the "predicate acts" alleged (See, FAC ¶¶ 120-126) are "litigation activities," and as such, do not qualify as racketeering acts. See, *Kim v. Kimm,* 884 F.3d 98, 105 (2d Cir. 2018): "[A]llegations of frivolous, fraudulent, or baseless litigation activities - without more - cannot constitute a RICO predicate act." Accord: *Verschleiser v. Frydman*, 2023 U.S. Dist. LEXIS 158963, *33 - *34 (S.D.N.Y. 2023): "[T]he Congressional intent in enacting RICO does not square with the absurd consequences and contraventions of well-settled public policy which would inevitably result from . . . [p]ermitting the litigation activities alleged here to serve as RICO predicate acts;" *Smulley v. Fed. Hous. Fin. Agency*, 754 F. App'x 18, 23 (2d Cir. 2018): "[T]o the extent Smulley alleges that any Defendants made false representations and filed false documents in Smulley's state court action(s), those acts do not constitute RICO predicates." (citing *Kim,* 884 F.3d at 104); *Weaver v. Boriskin*, 751 F. App'x 96, 98 (2d Cir. 2018) where plaintiff "'alleged the defendants engaged in various fraudulent litigation activities related to the foreclosure action,' such allegations 'are insufficient to show a RICO predicate act;'" *FindTheBest.com, Inc. v. Lumen View Tech. LLC*, 20 F. Supp. 3d 451, 460 (S.D.N.Y. 2014): "[C]ourts have consistently refused to recognize as wire or mail fraud even litigation activities that rise to the level of malicious prosecution simply because the mail or wires were used;" *Brock v. Zuckerberg*, 2021 U.S. Dist. LEXIS 119021, *15 (S.D.N.Y. 2021), aff'd. 2022 U.S. App. LEXIS 11368 (2d Cir. 2022): "Litigation activity alone cannot constitute a viable RICO predicate act."

**Plaintiffs Have Failed to Show that the Defendants Beck or Berger
Participated in an Enterprise Through a Pattern of Racketeering Activity**

In order to establish a violation of the 18 U.S.C. § 1962(c), a plaintiff must show that each defendant (1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering

activity. See, *Lynn v. McCormick*, 2017 U.S. Dist. LEXIS 207543, *11 (S.D.N.Y. 2017) (Seibel, J.): "The requirements of § 1962(c) must be established as to each individual defendant;" *DeFalco v. Bernas*, 244 F.3d 286, 306 (2d Cir. 2001): "The requirements of section 1962(c) must be established as to each individual defendant… [t]he focus of section 1962(c) is on the individual patterns of racketeering engaged in by a defendant, rather than the collective activities of the members of the enterprise, which are proscribed by section 1962(d);" *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 120 (2d Cir. 2013): "'The requirements of section 1962(c) must be established as to each individual defendant.' To participate in a racketeering enterprise under the relevant provisions of RICO, a defendant must 'direct the enterprise's affairs.'"

Insofar as the Defendants Rabbi Beck and Meir Berger are not identified as individually engaging in any of the predicate acts pled in the FAC,[4] the FAC fails to establish the indispensable element of 18 U.S.C. § 1962(c), that either Defendant "conducted the affairs of an enterprise through a pattern of racketeering activity."

### Multiple Defendants, Rules 8(a) and 9(b) Particularity

First, by continuously referring – collectively – to the "defendants" (plural) - the pleading fails to provide sufficient notice to inform each defendant of just what allegedly fraudulent conduct he is being called upon to answer for, as otherwise required under Rule 8(a). As a result - because a RICO plaintiff must prove that each defendant, individually, conducted the affairs of the enterprise by committing at least two racketeering acts - the Plaintiffs' use of the collective

---

[4] As noted, Plaintiffs allege seven separate "predicate acts" in support of their two civil RICO causes of action. Three simply refer to the "Defendants." (FAC, ¶¶ 120, 123, 125 and 126). Two identify Defendant Schlesinger (FAC, ¶¶ 120-124). One refers to an individual identified as "Morcha Beck" (not the Defendant Rabbi Beck) (FAC, ¶¶ 65-67 and 122), and one (FAC, ¶ 126) involved allegations concerning an individual by the name of "Blum," who is not named as a defendant or alleged to be associated with, or to have conducted the affairs of the Enterprise.

reference to "Defendants" makes it impossible to tell which of the four "Defendants" the predicate acts alleged in paragraphs 121, 123, 125 and 126 apply to. Also see paragraphs 108, 116, 117 (c), (d), (e), (e), (g), 119.

In *Verschleiser v. Frydman*, 2023 U.S. Dist. LEXIS 158963, *29 (S.D.N.Y. 2023) the Court admonished that: "[I]t is well-established in this Circuit that plaintiffs cannot simply lump defendants together for pleading purposes, and that Rule 8(a) is violated where a plaintiff, by engaging in group pleading, fails to give each defendant fair notice of the claims against it;" *Poole v. Bendixen*, 2021 U.S. Dist. LEXIS 159445, *16 (N.D.N.Y. 2021): "Rule 8 of the Federal Rules of Civil Procedure requires the dismissal of Plaintiffs' Complaint because Defendants' conduct is impermissibly lumped together;" *Lopez v. Bonanza.com, Inc*., 2019 U.S. Dist. LEXIS 170715, *21 n.20 (S.D.N.Y. 2019): "It is well established that general allegations against all defendants cannot support liability against individual defendants… 'a complaint [must] give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests' (citations omitted) '[w]here a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants.'"

Furthermore, insofar as the Plaintiffs have based their civil RICO action on wire fraud predicates, the "particularity" requirements of Rule 9(b) are invoked. As the Court in *Zuhovitzky v. UBS AG CHE 101.329.562*, 2023 U.S. Dist. LEXIS 123678, *36 (S.D.N.Y. 2023) explained: "To satisfy this requirement, a complaint must 'specify the time, place, speaker, and content of the alleged misrepresentations,' 'explain how the misrepresentations were fraudulent and plead those events which give rise to a strong inference that the defendant had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth.'" Accord: *Williams v. Affinion Grp., LLC*, 889 F. 3d 116, 124 (2d Cir. 2018): "The elements of mail and wire fraud must be pled with particularity.

- 14 -

See Fed. R. Civ. P. 9(b) (citations omitted) The complaint must detail the specific statements that are false or fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Accord: *Angermeir v. Cohen*, 14 F. Supp. 3d 134, 145 (S.D.N.Y. 2014): Rule 9(b) requires that "[a]llegations of predicate mail and wire fraud acts… state the contents of the communications, who was involved, [and] where and when they took place, and [should] explain why they were fraudulent;" *Spool v. World Child Int'l Adoption Agency*, 520 F. 3d 178, 185 (2d Cir. 2008).

When fraud is alleged against multiple defendants, a plaintiff must plead with particularity by setting forth separately the acts or omissions complained of by each defendant. *Williams v. Long Beach Mortg. Co.,* 2020 U.S. Dist. LEXIS 146927, *17 note 7 (S.D.N.Y. 2020): "In an action '[w]here multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud;'" *Angermeir v. Cohen*, *supra* at 147: "The requirements of Rule 9(b) are 'not satisfied by a complaint in which defendants are clumped together in vague allegations;'" *Town of Islip v. Datre*, 245 F. Supp. 3d 397, 413 (E.D.N.Y. 2017): "If 'there are multiple defendants involved, the plaintiff must connect the allegations of fraud to each individual defendant;'" *Entretelas Americanas S.A. v. Soler*, *supra* at 603-604: "'[T]he complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements.' [N]ot every use of the mails or wires in furtherance of an unlawful scheme to deprive another of property constitutes mail or wire fraud;" *Pallickal v. Technology Int'l Ltd.*, 1996 U.S. Dist. LEXIS 4039, *1 (S.D.N.Y. 1996): "Where there are multiple defendants, a complaint must identify which defendant is responsible for which act;" *Eagle One Roofing Contractors, Inc.*

*v. Acquafredda*, 2018 U.S. Dist. LEXIS 59969, 26 (E.D.N.Y. 2018): "[W]hen fraud is alleged against multiple defendants, a plaintiff must plead with particularity by setting forth separately the acts or omissions complained of by each defendant."

### To Effectively Charge an Act of Wire Fraud in Violation of 18 U.S.C. § 1343, There Must be Proof of Inter-State Communications, Mere Intra-State Communications Do Not Qualify

Yet another reason why the predicate acts alleged against the Defendants, Rabbi Beck and Meir Berger are inadequate and defectively pled as a matter of law is because the wire communications at issue were not "interstate" communications. The predicate acts charged (see, FAC, ¶¶ 121-124) involve allegations that the Defendants' lawyer (whose office is in New City, New York) "submi[tted] to the [Rockland County Supreme Court] in the New York State Action" certain documents that related to the pending action. (FAC, ¶¶107-108). Thus the "wire communications" were all purely "intra-state."

"Intra-state" wire communications do not qualify as violations of 18 U.S.C. § 1343. See, *Cofacredit, S.A. v. Windsor Plumbing Supply Co*., 187 F.3d 229, 243 (2d Cir. 1999): "The wire fraud statute requires that the defendant communicate by wire in 'interstate or foreign commerce' in furtherance of a scheme to defraud." Accord: *Aliev v. Borukhov*, 2016 U.S. Dist. LEXIS 88856, *26 (E.D.N.Y. 2016): "A claim of wire fraud must… involve a use of transmission facilities, such as a telephone or wire, that actually crosses interstate lines;" *Utz v. Correa*, 631 F. Supp. 592, 596 (S.D.N.Y. 1986): "[A] RICO predicate act of wire fraud 'requires an interstate telephone call;'" *McCoy v. Goldberg*, 748 F. Supp. 146, 154 (S.D.N.Y. 1990): "The federal wire fraud statute does not cover telephone communications between persons within the same state;" *Smith v. Ayres*, 845 F.2d 1360, 1366 (5th Cir. 1988): "As several courts have recognized, the statute requires that the

wire communication cross state lines… a purely intrastate communication would be beyond the statute's reach."

### Plaintiffs' Second Cause of Action, for RICO Conspiracy, Fails to State a Claim Upon Which Relief Can Be Granted

The Second Cause of Action pleaded in Plaintiffs' FAC charges a violation of the RICO conspiracy statute, 18 U.S.C. § 1962(d). As the FAC alleges:

> 133.   The Defendants have intentionally conspired and agreed to directly and indirectly use or invest income that is derived from a pattern of racketeering activity in an interstate enterprise, acquire or maintain interests in the enterprise through a pattern of racketeering activity, and conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity. The Defendants knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described above, which conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(c), which is a violation of 18 U.S.C. §1962(d). (C, ¶ 133).

Plaintiffs' pleading is a classic example of the old saw: "Throw it against the wall and see if anything sticks." See, *Greenspan v. Platinum Healthcare Grp*., LLC, 2021 U.S. Dist. LEXIS 48884, *10 (E.D. Pa. 2021): "Pleadings are not an opportunity for lawyers to throw things against the wall and see what sticks. Rule 11 requires lawyers to give some thought to the assertions that they include in pleadings before they file them." Also see, *LGN Int'l, LLC v. Hylan Asset Mgmt. LLC*, 2023 U.S. Dist. LEXIS 88032, at *21 (W.D.N.Y. 2023): "[A] RICO conspiracy claim 'should be more than a conclusory add-on at the end of a complaint.'"

There are no factual allegations in the FAC that would support a "plausible" conclusion that the Defendants – or either of them – conspired to violate 1962 (a), (b) or (c). See *Singh v. NYCTL 2009-A Tr*., 2016 U.S. Dist. LEXIS 94738, *29 (S.D.N.Y. 2016), citing "*Connolly v. Havens*, 763 F. Supp. 6, 14 (S.D.N.Y. 1991) (dismissing RICO conspiracy claim where plaintiffs "merely made conclusory allegations, parroting the language of the RICO statute."); *Laverpool v.*

*N.Y.C. Transit Auth.*, 760 F. Supp. 1046, 1060 (E.D.N.Y. 1991) (dismissing RICO conspiracy because "[i]t is not clear from the face of the pleading how, or even if, each defendant participated in the alleged conspiracy to violate RICO").

Section 1962(a) makes it unlawful to invest income derived from a pattern of racketeering activity in an enterprise. (causing a so-called RICO "investment injury"). *Weir v. Cenlar FSB,* 2018 U.S. Dist. LEXIS 118844, *12 (S.D.N.Y. 2018): "To allege an investment injury under section 1962(a), plaintiff must plead two (2) elements: (1) that defendants used or invested racketeering income to acquire or maintain an interest in the alleged enterprise; and (2) that plaintiff suffered an injury as a result of that investment by defendants… the plaintiff asserting a civil RICO claim based on a violation of subsection (a) must show injury caused not by the pattern of racketeering activity itself, but rather by the use or investment of the proceeds of that activity." See also, *Zuhovitzky v. UBS AG CHE 101.329.562*, 2023 U.S. Dist. LEXIS 123678, *33 (S.D.N.Y. July 18, 2023): As the Second Circuit made clear, 'the plaintiff asserting a civil RICO claim based on a violation of subsection (a) must show injury caused not by the pattern of racketeering activity itself, but rather by the use or investment of the proceeds of that activity.;" *Sterling v. Deutsche Bank Nat'l Tr. Co.*, 2023 U.S. Dist. LEXIS 52010, *14 (S.D.N.Y. 2023): "Because 'the essence of a violation of § 1962(a) is not the commission of predicate acts but the investment of racketeering income,' 'to state a claim for civil damages under § 1962(a), a plaintiff must allege injury from the defendants' investment of racketeering income in an enterprise.' *Ouaknine v. MacFarlane*, 897 F.2d 75, 83 (2d Cir. 1990)."

Similarly, there are no factual allegations in the FAC that would support any plausible finding that Rabbi Beck or Meir Berger ever violated 18 U.S.C. § 1962(b) (causing a so-called RICO "acquisition injury"). Section 1962(b) provides that "[i]t shall be unlawful for any person

- 18 -

through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." Thus "to state a claim under Section 1962(b), a plaintiff must allege that: '(1) the defendants acquired or maintained an interest in the alleged enterprise through a pattern of racketeering activity; and (2) that the plaintiff suffered injury as a result of the acquisition of the enterprise.'" *Jingle Kids United States, LLC v. In Colour Capital, Inc*., 2023 U.S. Dist. LEXIS 99541, *23 (S.D.N.Y. 2023); *Taylor v. Darcy*, 2018 U.S. Dist. LEXIS 137489, *18 -*19 (E.D.N.Y. 2018): "Here, the FAC lacks factual allegations that Defendants acquired or maintained control of the alleged enterprise through a pattern of racketeering activity. Instead, once again, Plaintiff simply echoes the elements of Section 1962(b), which is insufficient to sustain a cause of action;" *LGN Int'l, LLC v. Hylan Asset Mgmt. LLC*, 2023 U.S. Dist. LEXIS 88032, *36 (W.D.N.Y. 2023): "Plaintiffs do not allege injuries from Movants' control or acquisition of the enterprise."

Perforce, Plaintiffs have failed to plead a RICO "investment" or "acquisition" injury under either Section 1962(a) or (b). Indeed, to effectively plead an injury arising under either subsection (a) or (b) of section 1962, such injury must be tied to "'something acquired through the use of illegal activities or by money obtained from illegal activities,' and cannot be injury arising from the illegal activities themselves." See, *Espire ADS LLC v. Tapp Influencers Corp.*, 2023 U.S. Dist. LEXIS 24231, *39 (S.D.N.Y. 2023): "The injury alleged must be 'caused by the acquisition or maintenance of control' of the enterprise, 'and not by the predicate [racketeering] acts' of that enterprise;" (citing *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 657 (S.D.N.Y. 1996); *In re Tether & Bitfinex Crypto Asset Litig.*, 576 F. Supp. 3d 55, 124-25 (S.D.N.Y. 2021): "Unlike Section 1962(c), the Section 1962(a) and (b) 'enterprise' is 'not intended to be the vehicle through

- 19 -

which a pattern of racketeering is undertaken, but a separate, legitimate entity purchased through moneys raised through racketeering;'" *Westchester Cnty. Indep. Party v. Astorino*, 137 F. Supp. 3d 586, 618 (S.D.N.Y. 2015): "Any claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient."

In addition, because the Plaintiffs have failed to establish a *prima facia* violation of Section 1962(c) in their First Cause of Action, a claim for conspiracy to violate that substantive provision of the RICO statute will similarly not lie. See, *Vidurek v. Pollen*, 2021 U.S. Dist. LEXIS 169179, *30 (S.D.N.Y. 2021) (Seibel, J.): "Where a plaintiff has failed to state a substantive RICO claim, any conspiracy claim based on the same facts necessarily fails as well;" *Broidy v. Glob. Risk Advisors LLC*, 2023 U.S. Dist. LEXIS 171621, *34 n.9 (S.D.N.Y. 2023): "[B]ecause an agreement to commit acts that do not form a pattern of racketeering activity is not an unlawful agreement under the RICO statute [no claim for RICO conspiracy can lie];" *Lynn v. McCormick, supra* at *18: "To adequately plead a claim of conspiracy to violate RICO, the underlying substantive claim must also be adequately pleaded… RICO conspiracy claim necessarily fails where the underlying substantive claim is inadequately pleaded;" *Bayshore Capital Advisors, LLC v. Creative Wealth Media Fin. Corp.*, *supra* at *92-*93: "Plaintiffs' RICO conspiracy claim falters for a simple reason: because Plaintiffs have not sufficiently stated a substantive RICO claim under § 1962(c), Plaintiffs' conspiracy claim fails as a matter of law." Accord: *Cargo on Demand, Inc. v. Polar Air Cargo Worldwide, Inc.*, 2023 U.S. Dist. LEXIS 119185, *20 -*21 (S.D.N.Y. 2023).

Finally, the Plaintiffs' cause of action for RICO conspiracy is defective as a matter of law for yet another reason. As the FAC alleges:

- 20 -

133. The Defendants knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described above, which conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(c), which is a violation of 18 U.S.C. §1962(d). (FAC, ¶ 133).

However a RICO conspiracy is not a conspiracy to commit racketeering acts, rather it is a conspiracy to commit a substantive violation of §1962(a), (b) or (c). See; *United States v. Pizzonia*, 577 F.3d 455, 463 (2d Cir. 2009): "As this court emphasized in *United States v. Persico*, 832 F.2d 705 (2d Cir. 1987), 'the agreement proscribed by section 1962(d) is [a] conspiracy to participate in a charged enterprise's affairs' through a pattern of racketeering, 'not [a] conspiracy to commit predicate acts.' *id*. at 713." Accord: *United States v. Pizzonia*, 577 F.3d 455, 464 (2d Cir. 2009): "[A] RICO conspiracy is never simply an agreement to commit specified predicate acts that allegedly form a pattern of racketeering… [r]ather, it is an agreement to conduct or to participate in the conduct of a charged enterprise's affairs through a pattern of racketeering."

**Plaintiffs Have Failed to Plead a Justiciable RICO Injury**

To adequately plead a justiciable RICO injury arising under 18 U.S.C. §1964(c) - and thereby to have "standing" to sue under civil RICO - a RICO plaintiff must plausibly allege a sufficient factual basis to support their contentions that they were injured as the direct result of a predicate act committed by a defendant. See, *Gaffney v. Thandi*, 2023 U.S. Dist. LEXIS 127701, *39 -*40 (D. Vt. 2023), in order to allege a Section 1964(c) injury, a RICO plaintiff must show that: "(1) the proximate cause of his injury, meaning there was a direct relationship between the plaintiff's injury and the defendant's injurious conduct; and that they were (2) the but-for (or transactional) cause of his injury, meaning that but for the RICO violation, he would not have been injured;" *Horn v. Med. Marijuana, Inc*., 2023 U.S. App. LEXIS 21869, *2 n.1 (2d Cir. 2023): "Unlike Article III standing, RICO 'standing' is not a jurisdictional requirement but instead

- 21 -

concerns a merits issue, i.e., whether the RICO statute gave the plaintiff a cause of action;" *Lerner v. Fleet Bank, N.A*., 459 F.3d 273, 278 (2d Cir. 2006): "A plaintiff must make a different showing of proximate cause - one that is often more difficult to make - when bringing suit under the RICO statute than when bringing a common-law cause of action;" *Hemmerdinger Corp. v. Ruocco*, 2016 U.S. Dist. LEXIS 52391, *6 (E.D.N.Y. 2016) (civil RICO standard for proximate cause is "more stringent" than common law causation); *Zimmerman v. Poly Prep Country Day Sch*., 888 F. Supp. 2d 317, 330-31 (E.D.N.Y. 2012): "The 'direct relationship' standard under RICO is stricter than the 'foreseeability' analysis for common-law causation."

There is no factual support among the FAC's allegations that the filing of documents in the state court action was somehow the proximate cause of any compensable injury to the Plaintiffs' business or property. Rather, as the Plaintiffs describe the relief sought through this suit:

> 1.    This Civil Rico [sic] Action is being brought to prevent Defendant Mordechai Beck ("Beck") from holding certain real property – located at 38 College Road, Monsey, New York (the "Property") - hostage from its community resulting in the Property being unused by any congregation and requiring Rabbi Ostreicher - who now rightfully controls the Property - to minister to his 100 person strong congregation in the basement of his house. (FAC, ¶ 1).

Seeking to purportedly prevent someone from "holding certain real property hostage" is hardly a compensable RICO injury.

The failure of the FAC to effectively plead a "but for" proximate injury which occurred as the direct result of a predicate act committed by a Defendant is fatal to both of the Plaintiffs' RICO causes of action. See, *Reich v. Lopez*, 38 F. Supp. 3d 436, 449 (S.D.N.Y. 2014): "[T]he injury which confers standing on a RICO plaintiff is injury flowing from the commission of the predicate act, not injury flowing from the pattern of such acts;" *Rothberg v. Chloe Foods Corp*., 2007 U.S. Dist. LEXIS 53914, 42 (E.D.N.Y. 2007): "[I]n order to pursue a civil claim for a RICO violation,

the plaintiff must allege that she has been proximately injured by the predicate RICO acts;" *Baisch v. Gallina*, 346 F. 3d 366, 373 (2d Cir. 2003): "[A] plaintiff does not have standing if he suffered an injury that was indirectly (and hence not proximately) caused by the racketeering activity or RICO predicate acts, even though the injury was proximately caused by some non-RICO violations committed by the defendants." Accord: *Santana v. Adler*, *supra* at *21: "Failure to allege that the specifically identified RICO predicate acts proximately caused the plaintiff's injury is ground for dismissal at the pleading stage… (citations omitted) [a] predicate act does not proximately cause an injury if it merely furthers, facilitates, permits or conceals an injury that happened or could have happened independently of the act; the alleged RICO predicates and the non-RICO violations stem from the same conduct."

Moreover, no cause of action for civil RICO will lie if the alleged damages are not – at the time the action is commenced – "clear and definite." See, *Jgiap RH 160 LLC v. Cri Holding Corp.*, 2023 U.S. Dist. LEXIS 144781, *26 (E.D.N.Y. 2023): "Because plaintiff cannot yet show 'clear and definite damages,' it lacks standing to bring the RICO claims;" *DLJ Mortg. Cap., Inc. v. Kontogiannis*, 726 F. Supp. 2d 225, 237 (E.D.N.Y. 2010) (dismissing RICO claim for lack of statutory standing 'where the extent of damages are still unknown, [and therefore] a RICO injury remains speculative and unprovable.');" *Petroff Amshen LLP v. Alfa Rehab. Pt Pc*, 2022 U.S. App. LEXIS 4312, *6 (2d Cir. 2022): "A RICO plaintiff only has standing. . . when his or her actual loss [has] become[] clear and definite;" *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 59 (2d Cir. 1998): "[W]hen a creditor alleges he has been defrauded[,] RICO injury is speculative when contractual or other legal remedies remain which hold out a real possibility that the debt, and therefore the injury, may be eliminated or significantly reduced;" *Doe v. Trump Corp.*, 385 F. Supp. 3d 265, 281-82 (S.D.N.Y. 2019): "But 'counterfactual reasoning at the pleadings stage is

- 23 -

appropriate in the RICO context – 'the element of proximate causation is meant to prevent…

intricate, uncertain inquiries from overrunning RICO litigation.'"

As the FAC confirms, there are no facts presented that would support a finding that the

Plaintiffs were proximately injured by any of the alleged wire fraud predicates. Indeed, at this

time, Plaintiffs' injury claims are inchoate. Settlement of the Plaintiffs' and Defendants'

competing claims will be resolved by the Declaratory Judgment proceeding presently *sub judice*

before the Rockland Supreme Court.

### Conclusion

Accordingly, for the reasons set forth above, it is respectfully asserted that the Plaintiffs

have failed, both as a matter of law and a matter of fact, to plead a justiciable RICO cause of action

– arising under either 18 U.S.C. §§1962(c) and/or (d) – and therefore an Order of this Court should

issue, dismissing the instant FAC with prejudice; and for such other relief as to this Court seems

just and proper.

Hodges Walsh & Burke, LLP                    Law Offices of John W. Mitchell


/s/ *Michael K. Burke*                       /s/ *John W. Mitchell*
By: Michael Kennedy Burke, Esq.              By: John W. Mitchell, Esq. 8382
Co-Counsel to the Defendants                 Co-Counsel to Defendants
RABBI MORDECHAI BECK and                     RABBI MORDECHAI BECK and
MEIR BERGER                                  MEIR BERGER
Hodges Walsh & Burke, LLP                    Law Offices of John W. Mitchell
55 Church Street, Suite 211                  P.O. Box 163
White Plains, NY 10601                       Bedford, New York 10506
Phone: (914) 385-6000                        New York, NY 10036 |
Fax: (914) 385-6060                          Phone: (917) 887-7420
mburke@hwb-lawfirm.com                       Email: lawofficejwm@gmail.com

To:
The Honorable Cathy Seibel
United States District Judge
Southern District of New York

Clerk of The Court
Southern District of New York

Via ECF:
Matthew Henry Sheppe, Esq.
Reiss Sheppe LLP
Counsel to Plaintiffs
CHESTER PARK VIEW, LLC, and
LAZAR OSTREICHER
425 Madison Avenue
19th Floor
New York, NY 10017
212-753-2424
Fax: 347-348-0731
Email: msheppe@reisssheppe.com

Via ECF:
Jeremy Leonard Gutman, Esq.
Counsel to the Defendants
BEN SCHLESINGER and MARVIN
LIPSCHITZ
521 Fifth Avenue, 17th Floor
New York, NY 10175
(212) 644-5200
Fax: (212) 579-9570
Email: jgutman@jeremygutman.com